**UNITED STATES v. CITY STATE BANK et al.**

No. 4418.

District Court, W. D. Tennessee.

March 4, 1937.

R. G. Draper, Asst. U. S. Atty., of Memphis, Tenn., for the United States.

Webb & Webb, of Mayfield, Ky., for defendants.

MARTIN, District Judge.

This is an action at law brought pursuant to section 1114 (e) and (f) of the Revenue Act of 1926 (26 U.S.C.A. § 1610 and note) by the United States of America against a bank and its cashier. On motion, judgment in the amount of $3,-776.88, with interest from June 6, 1935, and costs, is demanded on the pleadings.

The pertinent statute involved is U.S.C. A., title 26, § 1610 (a) and note: "Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process." (Feb. 26, 1926, c. 27, § 1114 (e), 44 Stat. 116).

The answer of the·defendant bank and of its cashier, the defendant Milburn Gardner, admits, as charged by the plaintiff, that on June 6, 1935, when they were served with the notice of lien and levy for tobacco taxes assessed against Julien Ernest Choate and with a warrant for distraint therefor, the latter had on deposit to his credit in the defendant bank the sum of $3,776.88. The defendants also admit that on June 6, 1935, "the said deposit was not subject to any judgment or execution under any judicial proceeding."

Defendants, therefore, when served with the aforesaid distraint process, were situated within the express provisions of the act, and were obligated by its terms-to surrender to the collector of internal revenue, or his deputy, the aforesaid deposit standing in the name of Julien Ernest Choate.

The defendants urge that the assessment of a tax is an action judicial in its nature, requiring for the legal exertion of the power such opportunity to appear and be heard as the circumstances of the case require. Central of Georgia Ry. Co. v. Wright, 207 U.S. 127, 28 S.Ct. 47, 52 L.Ed. 134, 12 Ann.Cas. 463; Davidson v. New Orleans, 96 U.S. 97, 24 L.Ed. 616; Weyerhauser v. Minnesota, 176 U.S. 550, 20 S.Ct. 485, 44 L.Ed. 583; Hagar v. Reclamation District, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; Security Trust Co. v. Lexington, 203 U.S. 323, 27 S.Ct. 87, 51 L.Ed. 204.

This principle of law is recognized, but it is not to be extended to permit an inert taxpayer, through the medium of a friendly bank depository of his funds, to resist the payment of a tax for alleged want of due process of law in its assessment. The taxpayer must raise the question himself and not resist payment under cover of collateral attack upon the legality of the assessment.

This court concurs in the reasoning of Judge Coxe, in United States v. American Exchange Irving Trust Co., 43 F.(2d) 829, 831. Construing the identical statute here involved, Judge Coxe said (page 831):

"The only excuse recognized by the statute for failure to comply with the demand is limited to 'an attachment or execution under any judicial process,' and I can see no reason for broadening the section to include other defenses not permitted by the statute itself. Clearly, it was not intended that the merits of a tax claim should be litigated whenever a demand was served on a third party under the section. I think this is manifest not only from the language of the section itself, but also from the report of the Senate Finance Committee, No. 52, explanatory of the proposed legislation. This report reads as follows, at page 58:

"'The existing law permits distraint upon personal property of a delinquent taxpayer even though in possession of another person. The committee amendment specifically makes it the duty of the possessor to surrender the property upon which a levy is made, and imposes upon him, in addition to any criminal liability, a civil liability, if he fails to do so, equal to the value of the property but not exceeding the amount of tax, a liability similar to that of an executor who pays debts before he pays a debt due the United States.'"

The statute, U.S.C.A., title 26, § 1610 (a), is unmistakable in meaning, and is plainly applicable to, and directly controls the decision on, this motion.

Accordingly, on motion of the United States, judgment in favor of the plaintiff is awarded on the pleadings.