## UNITED STATES v. NATIONAL CITY BANK OF NEW YORK (ROSE GOSSERT, Inc., Third Party Defendant).

District Court, S. D. New York.

Feb. 15, 1940.

John T. Cahill, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City (Chauncey B. Garver, of New York City, of counsel), for defendant and third party plaintiff.

Robert Hoffman, of New York City, for third party defendant.

LEIBELL, District Judge.

The plaintiff, United States of America, has moved for summary judgment against the original defendant and third party plaintiff, the National City Bank of New York, which also moves for summary judgment against the third party defendant, Rose Gossert, Inc. Rule 56(a) and (b) F.R.C.P., 28 U.S.C.A. following section 723c.

The action was brought by United States of America against the National City Bank of New York to recover the sum of $1,030.-32 on deposit with that bank to the credit of the third party defendant, Rose Gossert, Inc. The complaint sets forth that on June 12, 1936, the Commissioner of Internal Revenue duly assessed against Lewis-Gossert, Inc., an Illinois corporation, a deficiency income tax in the sum of $1,030.-32 for the year 1933 and that on June 20, 1936, the name of such corporation was changed to Rose Gossert, Inc. It alleges that on October 28, 1937, the Collector of Internal Revenue for the Third Collection District of New York duly served upon the original defendant and upon a representative of the third party defendant a notice and demand for the payment of the tax, and that on the same day a notice of tax lien in the usual form was filed with the Clerk of this Court. It is further alleged that on that date the defendant bank had in its possession money applicable to the payment of the deficiency tax and that notwithstanding the demand for payment the bank has refused and still refuses to pay over the money in its possession contrary to the provisions of Section 1114(e) and (f) of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev. Acts, pp. 325, 326.

Prior to the service of its answer the bank obtained an ex parte order under Rule 14 of the Federal Rules of Civil Procedure permitting it to serve a third party summons and complaint upon Rose Gossert, Inc.

The third party complaint, after stating the facts with respect to the levy upon the bank, alleges that the third party defendant claimed that the lien of plaintiff was against Lewis-Gossert, Inc., and not against it and had directed the bank not to.pay over any part of its indebtedness to Rose Gossert, Inc., to the plaintiff. In its answer to the original complaint, the bank asserts that it has no interest in this indebtedness except to deliver it to the person legally entitled thereto and that since Rose Gossert, Inc., had directed it not to pay over any part of the deposit to the Collector of Internal Revenue it could not safely determine which of the two claimants was entitled to the fund. It therefore prays that it be permitted to pay the deposit into Court and thereby be discharged from all liability either to the plaintiff or to Rose Gossert, Inc., in connection with the amount so paid.

After the service of the third party summons and complaint, Rose Gossert, Inc., appeared by attorney and filed an answer to the original complaint and to the third party complaint. The third party answer to the original complaint alleges that Rose Gossert, Inc., is without knowledge or information sufficient to form a belief as to the assessment of the tax on June 12, 1936, and admits that the corporate name of Lewis-Gossert, Inc., was changed to Rose Gossert, Inc. It further asserts that a creditors' committee assumed control of the affairs of the corporation on or about May 29, 1936, and while it admits the service of the notice and demand on October 28, 1937, and the fact that the defendant bank has a deposit to the credit of Rose Gossert, Inc., it alleges that "the beneficial interest, right and title" to the deposit is in the creditors' body of Rose Gossert, Inc.

As a purportedly separate defense to the complaints it is alleged that Rose Gossert, Inc., was liquidated on the 31st day of May, 1937, and its business discontinued. It is asserted that on that day it had been determined that there was an insufficient amount of assets on hand to pay current creditors in full ånd that there were no assets to pay the creditors whose claims accrued prior to May 29, 1936.

The third party defendant opposes the granting of the motions on the ground that there are material triable issues of fact (affidavit of Henry I. Perlstein, page 3). The pleadings show, however, that the only issue in the case is whether or not on Octo-

892

ber 28, 1937, defendant bank had on hand a deposit subject to levy by the government.

Since no real argument has or can be made with regard to the effect of the merely formal change of the corporation's name, the levy having been made upon funds to the credit of either Lewis-Gossert, Inc., or Rose Gossert, Inc., the resolution of the issue depends upon two factors only:—(1) whether or not despite the corporation's lack of information and knowledge with respect to the assessment, the facts show that the assessment was validly made; and (2) whether or not an agreement of May 29, 1936, was sufficient to raise some prior right in the creditors sufficient to defeat the government's claim for taxes for the year 1933. The papers submitted on these motions show the following facts with regard to these two points.

It appears from the affidavits submitted by the United States Attorney that on or about January 11, 1936, the Commissioner of Internal Revenue, Chicago Division, mailed the usual ten day formal letter to Lewis-Gossert, Inc., at 700 North Michigan Avenue, Chicago, Illinois, this address being the same as that given by the corporation on June 20, 1936, in its application to the Secretary of State of Illinois for its change of name. The letter states that the government proposes to assess an additional $908.10 tax for the year 1933 and directs the taxpayer to file a protest with the local office if he desires to have an administrative hearing upon the proposed deficiency. Attached to the affidavits is a photostatic copy of the 90-day letter sent by registered mail to the taxpayer at its Chicago address by the Commissioner of Internal Revenue, Washington, D. C., on March 2, 1936, in which the taxpayer is advised of the determination of the deficiency and of the fact that it has 90 days from the mailing of the letter to file a petition with the Board of Tax Appeals. Apparently nothing was done by the taxpayer with respect to the 90-day letter and a certified copy of the assessment roll shows that the deficiency, together with the statutory interest, was assessed on June 12, 1936, after the expiration of the 90-day period.

Rose Gossert, who was associated with Lewis-Gossert, Inc., since October 1933 and was secretary and treasurer thereof, has made affidavit that at no time did she have knowledge that any assessment or claim had been levied by the Government against the corporations for the tax upon which the suit is brought; that William L. Lewis severed his connection with the corporation May 29, 1936 (this is contradicted by paragraph fifteenth of the agreement of that date), after which Rose Gossert became vice-president acting under direction of a creditors' committee headed by Henry I. Perlstein (a new president of the taxpayer) whose offices were located in New York City. Rose Gossert says she never knew of or received either of the Government's demands of June 16, 1936, or July 3, 1936, or the copy of the assessment list. She also states that in the early part of 1937 a Government agent called on her with respect to a government claim for taxes against the corporation. She told him the control of the corporation and its monies was in the hands of its creditors.

█ The mailing of the notice of deficiency and the 90-day letter to the usual business address of the taxpayer was sufficient to warrant the making of the assessment [§ 274, of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Code, § 272; Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149] and the fact that the corporation now denies information and knowledge sufficient to form a belief with respect to it having been made, does not in any way disprove its validity.

Henry I. Perlstein has made affidavit in respect to the making of the agreement of May 29, 1936. He also states:

"That thereafter, and on or about the 31st day of May, 1937 the assets of Rose Gossert, Inc., were liquidated and its business and activities discontinued. At that time it was determined that there was an insufficient amount of monies and assets on hand to pay current or 'new' creditors their claims in full, and that there were no assets whatsoever to pay the corporate creditors, whose claims accrued prior to May 29th, 1936, any part or portion thereof."

\* \* \* \* \* \*

"All monies and assets in the name of Rose Gossert, Inc., had not been derived from any assets from the corporation prior to May 29th, 1936, but have been derived from the merchandise and credit extended to the corporation, by those 'new' creditors whose claims accrued subsequent to May 29th, 1936.

\* \* \* \* \* \*

"I further respectfully submit that the funds on deposit with the National City

Bank of New York, the defendant herein, are trust funds, and are for the benefit of the 'new' creditors of the corporation. Such funds, if distributed, amongst the 'new' creditors are still insufficient to fully pay the said 'new' creditors, their respective claims."

He admits "That on or about the 28th day of October, 1937 the Collector of Internal Revenue for the Third Collection District of New York, served upon the Third Party Defendant, a notice and demand for the payment of an alleged deficiency income tax, existing against Lewis Gossert, Inc. That such deficiency income tax in the sum of $1,030.32 was assessed against the said Lewis Gossert, Inc., on or about June 12th, 1936 for the year 1933." He asserts that plaintiff has been guilty of laches. The above quoted allegations repeat the substantial parts of the affirmative defense set forth in the third party defendant's answer.

■ So far as the effect of the agreement of May 29, 1936, is concerned, the affidavits show that during the first part of the year 1936 Lewis-Gossert, Inc., was in financial difficulties and that this agreement, a copy of which is attached to the plaintiff's moving papers, permitted the continuing of the taxpayer in business with a proviso that no new liabilities were to be undertaken by it without the consent and approval of a named creditors' committee. In addition paragraph fourteenth (A) of the agreement excluded preferred creditors from its operation. A reading of the agreement shows that it amounted to no more than a creditors' control of a corporation in financial difficulties together with a contract by those who were creditors at the time of the agreement to permit a preference with respect to subsequently arising claims. It was not a general assignment for the benefit of creditors and clearly, since the government was not a party, it could not be bound by it. In addition, the corporate resolution of Rose Gossert, Inc., dated May 8, 1937, designating the bank as the depository of the funds of the corporation, is in the usual form and authorizes Henry I. Perlstein, president, to sign all checks and orders with respect to the depository, making no mention of any creditors' agreement or trust for the benefit of creditors. An affidavit of a vice-president of the bank states that the only information concerning Rose Gossert, Inc., which was given when the account was opened was that the business of the corporation was "retail dresses (in liquidation)." This information was given only to an employee of the bank at its Thirty-Fourth Street Branch. Certainly no basis can be found in these facts for a theory which would support a prior right to the deposit in favor of the creditors.

Additional exhibits have also been produced by plaintiff to show that notices and demands for the payment of the assessed tax were mailed to the Chicago office of the corporation on June 16 and July 3, 1936, but, since the government has made no claim for statutory interest accruing after the assessment and before October 28, 1937, there is no reason to comment upon these. See, 26 U.S.C.A.Int.Rev.Code, § 292 and § 294(a) (2), (b).

The facts set forth in the affidavits and the exhibits which have been recited in part, show that the tax was validly assessed and it is admitted that notice and demand for payment were received by the corporation on October 28, 1937. As the agreement of May 29, 1936, not only by its own terms excluded preferred creditors existing either before or after the date of the agreement from its operation but also could not be binding upon the government, and since the resolution authorizing the deposit in the bank makes no mention of any trust for the benefit of the creditors or prior liens acquired by them, it must be concluded that the funds on deposit with the bank on the date of the levy were subject to levy by the government.

■■ There is no genuine issue as to any material fact. I am therefore granting the motion of the plaintiff for a summary judgment and since by the terms of Rule 14 of the Federal Rules of Civil Procedure it is provided that "the third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff", it is unnecessary to pass upon the motion made by defendant bank. The granting of plaintiff's motion should furnish the bank complete relief.

Submit order on notice.