## UNITED STATES v. MARINE MID-LAND TRUST CO. OF NEW YORK.

District Court, S. D. New York.
July 2, 1942.

Mathias F. Correa, U. S. Atty., of New York City (John B. Creegan, of New York City, of counsel), for plaintiff.

Sullivan & Cromwell, of New York City (Frank J. Berberich, of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is an action of a civil nature arising under the Internal Revenue Laws and instituted pursuant to the authority and sanction of the Commissioner of Internal Revenue under the direction of the Attorney General.

I find the following facts:

On September 14, 1939, the Commissioner of Internal Revenue duly assessed against Fred B. Lloyd and Genevieve Lloyd an income tax in the amount of $125 for the year 1936. On January 22, 1940, the Commissioner duly assessed against the same taxpayers a delinquency penalty of $31.25 for the year 1936. These taxes were not paid though notices and demand were issued by the Collector of Internal Revenue for the Second District of New York on September 11, 1939, and again on January 31, 1940.

On October 26, 1939, a notice of levy was served on the defendant, The Marine Midland Trust Company of New York, by the Collector; and on March 25, 1940, an amended notice of levy was served on the defendant demanding that it turn over the amount of $179.53, which was the amount of tax and interest then due and owing by the taxpayer. On March 25, 1940, the defendant bank had on deposit in the name of Fred B. Lloyd the sum of $223.50 in an account designated "Special Account". The defendant declined to turn over any part of the said deposit of Fred B. Lloyd.

The foregoing facts are not in dispute. In addition it appears that Fred B. Lloyd disappeared on October 26, 1936, and has not since been heard from. The defense apparently rests on the contention, as set up in the answer, that it is not clear to defendant that persons other than said Fred B. Lloyd had no interest in this "Special Account" and that the defendant requested the Collector to withhold further proceedings until the situation was clarified either by the re-appearance of Lloyd or by the appointment of a temporary administrator.

The statutes involved are Sec. 3690, 26 U.S.C.A., Int.Rev.Code, and Sec. 3710, 26 U.S.C.A., Int.Rev.Code. The former statute authorizes the Collector to collect taxes with interest and other additional amounts by distraint, "in the manner provided in

this subchapter, of the goods, chattels, or effects, including * * * bank accounts, and evidences of debt, of the person delinquent as aforesaid." And the latter statute provides that any person in possession of property subject to distraint shall, on demand by the Collector, surrender such property to said Collector, "unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process."

■ Clearly then, if the account opened by the taxpayer Lloyd, designated "F. B. Lloyd, Special Account", is the property of the taxpayer, the United States has a right of action against the bank for failure to turn over the funds sought. United States v. American Exchange Irving Trust Company, D.C., 43 F.2d 829; United States v. National City Bank of New York, D.C., 32 F.Supp. 890. The sole asserted defense of the bank seems to be that because the account is designated "Special Account" it served as a notice to it that some persons other than F. B. Lloyd "may have an interest in the monies in the account". But the defendant admits in its brief that it has found no authority to sustain its position.

■ Thus so far as the record in this case reveals, the funds standing to the credit of the "Special Account" of F. B. Lloyd were deposited by Lloyd. Clearly then he had legal title to these funds and there is no evidence of any beneficial or otherwise equitable or adverse interest therein. To conclude that the term "Special Account" is indicative of a trust relationship would go beyond any authoritative interpretation of the nature of a trust fund. The usual indicia of a trust are lacking. There was no agreement either written or oral proved. There is no evidence of a named trustee or named beneficiary, nor indeed is there any evidence of any of the usual or ordinary terms provided for in a trust instrument. So far as the proof in the case demonstrates, Lloyd held both the legal title and the beneficial interest in the "Special Account". It must be concluded then that a trust was not created by him. See generally Restatement of the Law, Trusts, Secs. 2, 4 and 17. It must also be concluded that the term "special" in the present instance was merely by way of distinguishing the account, perhaps, from other accounts. No other reason has been disclosed.

■ Finally it may be observed that the defense of the bank that it may be subject to double liability is not sustainable. Sec. 3710, 26 U.S.C.A., Int.Rev.Code, would relieve the bank only in the event that the funds had been shown to be subject to an attachment or execution under judicial process. See Coler v. Corn Exchange Bank, 250 N.Y. 136, 164 N.E. 882, 65 A.L.R. 879, 280 U.S. 218, 50 S.Ct. 94, 74 L.Ed. 378.

Judgment is accordingly directed in favor of the plaintiff against the defendant in the amount of $179.53, with interest thereon from March 25, 1940, together with costs and disbursements.