## UNITED STATES v. O'DELL.

### No. 3053.

District Court, E. D. Michigan, S. D.

June 29, 1945.

United States District Attorney, for plaintiff.

Meyers & Keys, of Detroit, Mich., for defendant.

PICARD, District Judge.

The government herein sues defendant personally to collect certain social security taxes that were assessed against the Howie Company for which he became trustee. The action is under Section 3710(a) and (b), 26 U.S.C.A. Int.Rev.Code, and is personal because it is claimed that when levy and demand were made on defendant by the Collector of Internal Revenue he had property or rights to property in his possession subject to distraint which he refused to surrender.

The facts have been stipulated.

The Howie Company in 1941 was bankrupt and had been for some time. It owed the City of Detroit, County of Wayne and State of Michigan taxes dating back as far as 1933, which none of these political entities had been able to collect. On the 2nd of June 1939 the company appointed one William G. Starr trustee for the benefit of its creditors and later defendant, who succeeded Starr proceeded to liquidate the corporation assets depositing the cash with The Detroit Bank.

On September 9, 1941, the Collector of Internal Revenue made demand and levy upon defendant for payment of past due Social Security taxes dating back to 1938 and totaling $1336.84. On that day the company money was in defendant's name in a special account at the bank. There is no evidence of demand being made for

any of those taxes due before the above date even for the one item appearing as #17 in the stipulation for Federal taxes ($101.55), the only tax that came before those owed the municipalities. Sections 3670, 3671, 26 U.S.C.A. Int.Rev.Code.

At that time the total owed the City of Detroit, County of Wayne, and State of Michigan for taxes amounted to more than the cash assets of the Howie Corporation. Under the Michigan statute and Detroit charter such taxes would be a lien upon the personal property of the taxpayer that had become "determined, specific, complete and perfected."

There are two questions involved—

First, did defendant have in his possession "property or rights to property" subject to distraint upon refusal to surrender which he became personally liable under the Code?

Second, do perfected liens of municipalities (city, county, and state) becoming so by operation of statute or charter provisions before demand and levy by the Collector of Internal Revenue for payment of social security taxes have priority on funds of the taxpayer?

### Conclusions of Law

The provisions of section 3710 above referred to are as follows:

"(a) Requirement. Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) Penalty for Violation. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

Defendant cites a number of cases to substantiate his position that under the admitted facts he has neither "possession of property or rights to property, subject to distraint", and while these are not directly in point they do throw some light on construction to be given this section.

We analyze those cases—

In United States v. Bank of United States, D.C., 5 F.Supp. 942, the bank claimed money of the taxpayer in its possession and when served with notice of levy refused to surrender the funds. While action in this particular case was properly against the bank rather than the taxpayer the opinion does not decide that the taxpayer who put the money there is in possession of property or rights to property.

United States v. Marine Midland Trust Co., D.C., 46 F.Supp. 38, merely decides that where the taxpayer's bank record carried the words "special account" after his name, the bank could not refuse to turn over to the collector cash in its possession merely because the words "special account" might indicate that others had an interest in those funds superior or equal to the taxpayer himself.

Commonwealth Bank et al. v. United States, 6 Cir., 115 F.2d 327, is authority that the bank could not refuse to surrender taxpayer's money to the collector to protect a claim of its own by challenging the government's right to a lien.

In United States v. National City Bank, D.C., 32 F.Supp. 890, the bank merely claimed a lien, but the case is not in point while United States v. City State Bank, D. C., 19 F.Supp. 775, simply held again that the bank could not attack the assessment of the tax.

United States v. Long Island Drug Co., 2 Cir., 115 F.2d 983, 986, held that the drug company didn't have "property, or rights to property" in its possession based on the unearned wages of the taxpayer, and

United States v. Ætna Life Ins. Co. of Hartford, D.C., 46 F.Supp. 30, involved the right of the collector to the cash surrender value of some insurance policies.

■ All these concern themselves with actions brought directly against the bank or the insurance company and while it is apparent that in the case at bar the Collector of Internal Revenue might better have made demand and levy upon the bank, at the same time as he did upon defendant, none of these cases holds that the Collector's failure to do this was fatal insofar as personal liability of a trustee such as defendant is here or the taxpayer himself. But in the instant case it is admitted that by no construction was defendant in actual

possession of "property", to-wit, the cash in the bank. The issue is—was he in possession of "rights to property"?

Illuminating is the very interesting discussion found in United States v. Metropolitan Life Ins. Co., 2 Cir., 130 F.2d 149, 150, where the court on pages 150 and 151 makes these observations concerning an attempt by the Collector of Internal Revenue to collect the cash value of certain insurance policies which policies were in possession of taxpayer and which, of course he refused to surrender—

"Thus it appears that between 1866 and 1926 if the taxpayer's chattels were in the possession of a third person who refused to surrender them, the collector had no means of enforcing a surrender and could not make delivery in performance of his contract of sale."

This situation brought forth the above Section 3710 (a) and (b), 26 U.S.C.A. Int. Rev.Code. Later in discussing the words "rights to property" the court states—

"That function is" (Sec. 3710 (a) and (b) above) "to cover cases in which third persons, such as trustees or the like, are in possession of documents—notes, bonds, etc.—which belong to the taxpayer; perhaps it also covers cases in which the chose in action is not embodied in any document, even though that strains the meaning of the word 'possession' a little."

And on page 151 of 130 F.2d—

"In the first place, as we have seen, it is probable that the words 'rights to property' in § 3692 were used to describe choses in action in contrast with 'property' which stood for chattels, and it is certain that whatever meaning they have in § 3692, they have in § 3710 (a)."

The court held that defendant insurance company did not have property or rights to property in its possession subject to distraint basing its decision somewhat on the fact that the insured refused to surrender the policies. This would seem to indicate that the proper party defendant was the insured, or in the case at bar, the trustee.

But there is no denying that a bank book is only an evidence of indebtedness on the part of the bank to the depositor and Judge Hand noticeably does not include the words "bank book" when referring to choses in action. He says "such as notes, bonds, etc.," which belong to the taxpayer. Surrendering the bank book to the collector couldn't have gained the collector anything. It took a positive further act on the part of the trustee and there is nothing to show in any construction so far given to the words "rights to property" indicating that Congress intended an interpretation that required a trustee, who is a third person, to withdraw money from the possession of somebody else, then pay it to the collector, in order to escape personal responsibility. That is not the import of this statutory provision. It was merely to furnish the collector with a means of enforcing a surrender of rights to property that of themselves took the place of property. This is not true of a bank book and the surrendering of that bank book couldn't have helped the Collector of Internal Revenue one iota without the aforementioned further positive act which is not required by the statute.

 Passing to the second point, we believe defendant finds himself on even surer ground. The statute, 31 U.S.C.A. § 191, gives the United States of America priority rights in insolvent estates over state, county or city but that does not give it priority equivalent to a specific and perfected lien. Where a taxpayer is insolvent and owes both the municipality and federal government and the federal government has taken a lien prior to or as of the same day as the state, county, or city, the federal lien comes first, but not before prior liens of these municipalities. The receiver of an insolvent corporation always takes the property subject to the city, county and state liens. The matter is entirely covered in In re Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852, and need not be further enlarged upon in this opinion.

For the above reasons we believe the bill of complaint should be dismissed and a decree to that effect may be presented to this court for his signature.