## DETERMAN v. JENKINS et al.
### Civ. A. 4437.

United States District Court
N. D. Georgia, Atlanta Division.
Feb. 5, 1953.

Charles E. Lester, Jr., Newport, Ky., Gambrell, Harlan, Barwick, Russell & Smith, Atlanta, Ga., for plaintiff.

J. Ellis Mundy, U. S. Atty., Atlanta, Ga. for United States.

J. C. Savage, Atlanta, Ga., for defendant Herbert T. Jenkins.

HOOPER, Chief Judge.

The complaint seeks to recover from defendant Jenkins, Chief of Police of Atlanta, and from defendant Dunn, as Acting United States Collector of Internal Revenue for Georgia, and from defendant Woodard, Internal Revenue Agent, the sum of $16,-200, representing currency which was found by defendant Jenkins in an airplane wrecked near Atlanta. The following facts appearing from the pleadings in the case, and from statements made at pre-trial hearing, appear without dispute:

The airplane in question belonged to one Brink who was a passenger in the same when it crashed near Atlanta. Defendant Jenkins took therefrom $16,200 of currency, it being stipulated that this currency was technically taken from the possession of Brink. Someone in behalf of the plaintiff Determan notified defendant Jenkins that the currency was the property of Determan but this person did not make a demand on Jenkins to deliver the same. Subsequently, Agent Woodard, a Deputy Collector of Internal Revenue for Georgia, acting under authority of a distraint issued against Brink, levied on said currency in the possession of defendant Jenkins who delivered same to Woodard pursuant to provisions of Section 3710 of the Internal Revenue Code, 26 U.S.C.A., even though defendant Jenkins knew at the time that plaintiff Determan was claiming the same. Defendant Woodard turned said currency over to defendant Dunn, the possession of each of these defendants being their official possession as Agents of Internal Revenue.

Under these facts the court is of the opinion that the complaint does not allege a cause of action against defendant Jenkins. Said section 3710 provides in part that "any person in possession of property subject to distraint, upon which a levy has been made, shall, upon demand by the Collector or Deputy Collector, making such levy, surrender such property to such collector or deputy." Plaintiff contends this property was not "subject to distraint" because it belonged to plaintiff and not to Brink, the person named in the warrant of distraint. That construction of the statute would have required Jenkins to ascertain the true title to the money before delivering it over to the Internal Revenue Agent, but this court cannot adopt that construction. It was the duty of defendant Jenkins to deliver it to defendant Woodard. There was no conversion by defendant Jenkins and the action is dismissed. See United States v. Marine Midland Trust Company of New York, D.C., 46 F.Supp. 38; United States v. Metropolitan Life Insurance Company, D.C., 36 F.Supp. 399; United States v. City State Bank, D.C., 19 F.Supp. 775.