John B. KOTMAIR, Jr., dba (Sole owner of Free State Home Builders, Inc.), Appellant,

v.

D. GRAY et al., Appellees.

No. 74-1716.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 26, 1974.

Decided Nov. 8, 1974.

John B. Kotmair, Jr., on brief for appellant.

George Beall, U. S. Atty., Donald H. Feige, Asst. U. S. Atty., M. King Hill, Jr., and Michael A. Pretl, Baltimore, Md., on brief for appellees.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

John B. Kotmair filed a pro se complaint against D. Gray and Gale Younkins, officers of the Internal Revenue Service, and certain employees of the Carroll County Bank and Trust Co. charging them with violating a number of his constitutional rights while acting under color of state law (42 U.S.C. §§ 1983 and 1985) and seeking $20,000 general and $60,000 punitive damages against each defendant. This action arose when Free State Home Builders, Inc., a corporation wholly owned by Kotmair, incurred a penalty of $26.88 for late payment of $806.46 Federal Employment Taxes. Kotmair received a notice of the deficiency on February 19, 1973, and two letters entitled "Final Notice Before Seizure" on May 3 and August 8, 1973. These notices explained that if

the amount due was not paid within 10 days, Free State's assets could be levied upon without further notice. Appellant explained to the IRS agents and the bank in which Free State had an account that if they levied upon or permitted levy upon Free State's account, he would bring legal action against them. The account was levied upon; the amount levied was transferred from the bank to the government; and this suit was brought. The district court, on a motion by the defendants, granted summary judgment, and we affirm.

■■ In his complaint, appellant attacks the constitutionality of 26 U.S.C. § 6331, which authorized collection of overdue taxes by levy and seizure. However, a determination of that statute's constitutionality is not necessary to a decision of the instant appeal. We need note only that the defendants, in seizing and paying the penalty, acted within their official scope of duty and in good faith reliance upon the law, see Eslinger v. Thomas, 476 F.2d 225 (4th Cir. 1973), and therefore are not subject to suit for their actions. Barr v. Mateo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). In any event, there was no action under color of state law. Rather, the IRS agents acted under federal law, and the bank employees acted as private citizens obeying the federal law. Thus, none of the defendants would be subject to suit under 42 U.S.C. § 1983 even had their actions not been protected.

■ Although appellant contends that there are important issues of fact to be decided, summary judgment is appropriate where, as is the case in the instant action, one party is entitled to judgment as a matter of law, Fed.R.Civ. P., Rule 56; for it is clear that even were appellant to prove all of the facts which he has alleged, he would not be entitled to judgment in this case.

Accordingly, we dispense with oral argument and the judgment of the District Court is affirmed.

Affirmed.