Richard A. DiEDWARDO and Amedeo DiEdwardo, Jr., as Attorneys-in-fact for Amedeo and Mary DiEdoardo

v.

FIRST NATIONAL BANK OF BATH, and the United States of America, George P. Jessup and George Whitehouse, Individually.

Civ. A. No. 77–1443.

United States District Court, E. D. Pennsylvania.

Dec. 29, 1977.

Robert Ungerleider, Bethlehem, Pa., Norman A. Peil, Easton, Pa., for plaintiff.

E. J. Danser, Easton, Pa., David H. Hopkins, U. S. Atty., Marc E. Albert, Trial Atty., Dept. of Justice, Tax Division, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiffs as attorneys-in-fact for Amedeo and Mary DiEdoardo allege that certain bank accounts maintained at the First National Bank of Bath (the Bank) were levied upon by the Government through its employees, revenue officers, George Jessup and George Whitehouse, and that the Bank improperly surrendered these bank accounts to the Government because the DiEdoardos owed no taxes to the Government at the time of the levy. The Government alleges that the DiEdoardos were nominees of Lawrence DeFrank, an allegation disputed by plaintiffs.

The Bank contends that it had no choice in the matter because it was required to surrender the property pursuant to 26 U.S.C. § 6332 et seq., subsection (a) of which mandates that a person in possession of the property of another subject to levy upon which levy is made surrender upon demand such property and subsection (d) of which discharges from liability any person who surrenders property under such circumstances.[1]

---

1. Those subsections read as follows:

"§ 6332. Surrender of property subject to levy

(a) Requirement.—Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an

attachment or execution under any judicial process.

\* \* \* \* \* \*

(d) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary or his delegate, surrenders such property or rights to property (or discharges such obligation) to the Secretary or his delegate (or who pays a liability under subsection (c)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to

Such discharge of liability has been enforced by the courts. See *Sebel v. Lytton Savings and Loan Association, et al.*, 65–1 U.S. Tax Cas. ¶ 9343 (S.D.Cal.1965) and *Kotmair v. Gray, et al.*, 74–2 U.S. Tax Cas. ¶ 9492 (D.Md.1974), *affirmed*, 505 F.2d 744 (4th Cir. 1974). The federal taxing statutes have been held to create a statutory attachment and garnishment in which the service of notice provided by statute takes the place of judicial process in the ordinary garnishment proceedings. There being no necessity to adjudicate the amount of tax due under this statutory proceeding, the service of notice results in what is virtually a transfer to the Government of the amount necessary to pay the tax alleged to be due so that payment to the Government pursuant to levy and notice is a complete defense. See *United States v. Eiland*, 223 F.2d 118 (4th Cir. 1955). A valid and effective levy pursuant to 26 U.S.C. § 6331(a) results in a seizure of property tantamount to a transfer of ownership. *United States v. Pittman*, 449 F.2d 623 (7th Cir. 1971), *United States v. Sullivan*, 333 F.2d 100 (3d Cir. 1964). A person in possession of currency has been required to surrender it to the Government without determining the true title of the currency. See *Determan v. Jenkins*, 111 F.Supp. 604 (N.D.Ga.1953).

Plaintiffs contend that the principles cited do not apply because the property involved was not that of the taxpayer, but rather that of an alleged nominee who disputes being taxpayer's nominee. Plaintiffs contend that the Bank should have required the Government to bring an action against it to prove that the DiEdoardos really were nominees of the taxpayer before surrendering the assets.

However, in *G. M. Leasing Corp. et al. v. United States et al.*, 429 U.S. 338, 97 S.Ct. 619, 50 L.E.2d 530 (1977), the Court refused to disturb a Circuit Court holding that levies against property in the hands of a nominee or "straw party" were valid. Plaintiffs attempt to distinguish *G. M. Leasing* on the

basis that the nominee there was found to be an alter ego of the taxpayer in that case, but no such finding has yet been made in the instant case. We are unconvinced that such distinction is relevant to the possible liability of the Bank. The plaintiffs have the right to directly sue the United States under 26 U.S.C. § 7426(a) to recover for wrongful levy. In that proceeding the plaintiffs may contest their designation as nominees and all other questions may be resolved. Accordingly, the motion of the Bank for summary judgment will be granted.

We further note that the Bank brought an action against the United States for indemnification if the Bank were found liable. Both the Bank and the United States agree that if the Bank were found not liable, the Bank's action against the United States would be meaningless. Accordingly, the motion of the United States to dismiss the action brought against it by the Bank will also be granted.

property arising from such surrender or payment. In the case of a levy which is satisfied pursuant to subsection (b), such organization shall also be discharged from any obligation or liability to any beneficiary arising from such surrender or payment.