605 F.2d 557
 79-2 USTC P 9623
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Legrande A. Lillibridge and Gladys Lillibridge, Plaintiffs-Appellants
v.
L. Clure Morton, et al., Defendants-Appellees.
 No. 78-1256.
 United States Court of Appeals, Sixth Circuit.
 September 13, 1979.
 
 Before LIVELY, ENGEL and KEITH, Circuit Judges.
 
 Order
 
 1
 The plaintiffs appeal from orders of the District Court for the Middle District of Tennessee dismissing their civil rights action against various groups of defendants. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiffs are taxpayers whose tax liabilities for the taxable years 1973 and 1974 have been investigated by the Internal Revenue Service (IRS). At present they have a petition for redetermination pending in the United States Tax Court. Unhappy with the investigation and the unavailability of a jury trial in the Tax Court, they filed this civil rights action alleging violations of their rights to due process, a jury trial and privacy. The defendants can be grouped into four categories:
 
 
 3
 1. Judicial defendants--Judges of the District Court and the Tax Court;
 
 
 4
 2. IRS defendants--the former and present Commissioners, the District Director, three agents conducting the investigation, and an attorney who represented the IRS in prior litigation in this matter;
 
 
 5
 3. Bank defendants--Officers of a bank which gave summoned records to the IRS and an attorney who advised them to do so; and
 
 
 6
 4. Department of Justice defendants--two attorneys who represented the United States in prior litigation in this matter.
 
 
 7
 The District Court found none of these defendants liable to the plaintiffs.
 
 
 8
 The initial defendants are immune from damages in this action under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, reh. den., 436 U.S. 951 (1978); Butz v. Economou, 438 U.S. 478, 512-14 (1978). Similarly the Department of Justice defendants and the IRS attorney are immune under the doctrine of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409 (1976); Butz v. Economou, supra, at 516-17; Flood v. Harrington, 532 F.2d 1248 (9th Cir.1976). The bank defendants did not act under color of state law and thus the plaintiffs state no cause of action against them. See Lamb v. Farmers Insurance Co., 586 F.2d 96 (8th Cir.1978).
 
 
 9
 The remaining defendants are all IRS employees and are immune from liability for all actions taken in good faith and upon reasonable grounds. Butz v. Economou, supra, at 507. There is nothing in the record to indicate the investigation of the plaintiffs' tax liabilities was in bad faith or for purposes of harassment. Therefore, the agents are not liable to the plaintiffs for any alleged damages. Kotmair v. Gray 505 F.2d 744 (4th Cir.1974). The plaintiffs allege no personal involvement of the past and present Commissioners and they are not liable in damages. Black v. United States, 534 F.2d 524 (2nd Cir.1976). The doctrine of respondeat superior has no application to civil rights cases. Triplett v. Azordegan, 570 F.2d 819, 823 (8th Cir.1978); Kite v. Kelley, 546 F.2d 334 (10th Cir.1976).
 
 
 10
 It being manifest that the questions upon which the decision of this cause depends are so unsubstantial as not to need further argument, it is ORDERED that the orders of the District Court dismissing all defendants to this action are hereby affirmed. Rule 9(d)3, Rules of the Sixth Circuit.