**Martin B. QUILLEN, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 92–0097–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 6, 1993.

Joseph E. Wolfe, Norton, VA, for plaintiffs.

Richard Lloret, Asst. U.S. Atty., Roanoke, VA, Mark L. Esposito, Penn, Stuart, Eskridge & Jones, Abingdon, VA, for defendants.

## MEMORANDUM OPINION

WILSON, District Judge.

Plaintiffs Martin B. Quillen, Sr. and Marlene C. Quillen bring this action against the United States and Hamilton Bank of Upper East Tennessee ("Hamilton Bank"). Liberally construed, the Quillens' complaint alleges that the Internal Revenue Service ("IRS") violated 26 U.S.C. §§ 6331–6343 and 11 U.S.C. § 362 by levying on a bank account at Hamilton Bank that was subject to an automatic stay, violated 26 U.S.C. §§ 6331–6343 by filing a tax lien on certain real property owned by the Quillens, and violated 26 U.S.C. § 6103 by making unauthorized disclosures of income tax returns and return information. The complaint further alleges that Hamilton Bank violated 11 U.S.C. § 362 as well by complying with the levy, violated 26 U.S.C. § 6332 by failing to remit all funds in the account to the IRS, and violated 26 U.S.C. § 6334 by failing to exempt certain amounts from the funds remitted to the IRS. The court has jurisdiction over the title 26 claims against the United States pursuant to 26 U.S.C. §§ 7431 and 7433 and jurisdiction over the claims against Hamilton Bank pursuant to 28 U.S.C. §§ 1331 and 1334(b) and 11 U.S.C. § 362(h). Both defendants have

moved for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. Because, with respect to the claims against the United States, matters outside the pleadings are before the court, the court will treat the United States' motion as one for summary judgment.[1] Finding no jurisdictional basis for the title 11 claim against the United States and finding that the Quillens' other claims fail as a matter of law, the court will grant the defendants' motions.

### I.

On April 3, 1986, the Quillens filed for reorganization under chapter 11 of the Bankruptcy Code. They subsequently opened a bank account at Hamilton Bank for use as an operating account while in reorganization. On March 1, 1988, the bankruptcy court confirmed their chapter 11 plan and granted discharge.

On October 10, 1989, the IRS provided the Quillens notice of its intention to levy on their property under 26 U.S.C. § 6331(d) due to outstanding federal tax liabilities. On March 15, 1990, the IRS served a Notice of Levy on Hamilton Bank with respect to the Quillens' account. Hamilton Bank complied with the levy by withdrawing $1,372.35 from the account on April 24. On April 27 the IRS again served a Notice of Levy on Hamilton Bank, which complied by withdrawing $2,171.14 on May 29. On April 27 the IRS filed a tax lien on certain real property belonging to the Quillens. The IRS then served a third Notice of Levy on June 19, but Hamilton Bank did not comply with that levy. The Quillens subsequently sought administrative review of the tax lien and the levies, which was rejected by the IRS.

1. *See Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985).

2. 26 U.S.C. § 7433(a) provides:
   If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title ..., such taxpayer may bring a civil action for damages against the United States in a district court of the United States. 26 U.S.C.A. § 7433(a) (West 1989). As framed, the Quillens' complaint alleges violations of title 26, and the court therefore has jurisdiction over

### II.

Initially, the court finds no jurisdictional basis for the Quillens' claim under title 11 that the United States violated the automatic stay from the Quillens' prior bankruptcy. To assert a claim against the United States, the Quillens must show a waiver of sovereign immunity. In their amended complaint the Quillens assert jurisdiction for all of their claims under 26 U.S.C. §§ 7430–7433. However, § 7430 contains no waiver of immunity for any kind of claim; § 7431 waives immunity only for unauthorized disclosure claims; § 7432 waives immunity only for claims alleging failure to release a lien; and § 7433 waives immunity only for claims alleging a violation of title 26. Clearly, none of those sections waives immunity for the claim that the IRS violated 11 U.S.C. § 362.[2] Furthermore, while 11 U.S.C. § 106 waives sovereign immunity for certain claims under the bankruptcy code, it has been held not to waive immunity for monetary claims. *See United States v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). Indeed, the Court stated in *Nordic Village* that the United States has *nowhere* waived immunity for monetary claims under title 11. *Id.* Accordingly, the court finds that it does not have jurisdiction over the Quillens' claim under 11 U.S.C. § 362(h).

### III.

The Quillens also allege violations of 26 U.S.C. §§ 6103 and 6331–6343 by the United States, which they maintain are actionable under 26 U.S.C. § 7433(a). The court finds that those claims fail as a matter

those claims under § 7433(a). However, their claims under 26 U.S.C. §§ 6331–6343 are ultimately premised on alleged violations of the automatic stay provision, 11 U.S.C. § 362. The court expresses no opinion as to whether there might be circumstances under which a levy in violation of the automatic stay provision would somehow contravene the procedures set forth in §§ 6331–6343 and, by that fact, become actionable under § 7433(a). It is unnecessary to reach that question because, as stated in Part III of this opinion, the court finds no violation of the automatic stay.

of law.[3] The Quillens' claims for alleged violation of §§ 6331–6343, a subchapter of the Internal Revenue Code concerning the procedures by which the IRS may collect taxes and seize property, are premised on the theory that the IRS's collection actions violated the automatic stay from the Quillens' prior bankruptcy proceedings. That underlying theory is in error, however, because the automatic stay ceased to exist as of March 1, 1988, when the Quillens received confirmation of their Chapter 11 plan and discharge. At that time all property of the estate vested in the Quillens as debtors, *see* 11 U.S.C. § 1142(b), and the automatic stay dissolved, *see* 11 U.S.C. § 362(c)(1). *See United States, Dep't of the Air Force v. Carolina Parachute Corp.,* 907 F.2d 1469, 1474 (4th Cir.1990). The stay was, therefore, not in effect in 1990 when the IRS levied on the Quillens' bank account and placed a tax lien on their property.

■ The Quillens' claim that the IRS violated § 6103 by willfully making unauthorized disclosures of tax returns and return information fails as a matter of law as well. Section 6103 provides that returns and return information are confidential and shall not be disclosed. 26 U.S.C. § 6103(a) (West Supp.1993); *see also Mallas v. United States,* 993 F.2d 1111, 1117 (4th Cir.1993). The section, however, authorizes disclosure by the IRS

> to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement ·of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6). Treasury Regulations promulgated under the section allow disclosure "to apply the provisions of the [Internal Revenue] Code relating to the establishment of liens against [a taxpayer's] assets, or levy on, or seizure, or sale of, the assets to satisfy any ... liability" under the Code. Treas.Reg. § 301.6103(k)(6)–1(b) (1980). There is no evidence, and indeed the Quillens do not even allege, that confidential information was disclosed in any context other than that described in the statute and regulation. The court therefore finds that any disclosures made by the IRS in connection with its levies were authorized under 26 U.S.C. § 6103(k)(5). *See Maisano v. United States,* 908 F.2d 408, 410 (9th Cir.1990).[4]

### IV.

■ All of the Quillens' claims against Hamilton Bank are based upon Hamilton Bank's compliance with the IRS's levies on funds held by the Quillens at Hamilton Bank. 26 U.S.C. § 6332(e) states:

> Any person in possession of ... property ... subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property ... arising from such surrender or payment.

26 U.S.C. § 6332(e) (West Supp.1993). That section clearly discharges Hamilton Bank from any liability to the Quillens based on its compliance with the levies. *See Burroughs v. Wallingford,* 780 F.2d 502, 503 (5th Cir. 1986); *Schiff v. Simon & Schuster, Inc.,* 780 F.2d 210, 212 (2nd Cir.1985); *DiEdwardo v. First Nat'l Bank of Bath,* 442 F.Supp. 499, 500 (E.D.Pa.1977). Accordingly, the court finds that the Quillens' claims in that respect are deficient as a matter of law.

---

3. The court finds that issues of material fact preclude entry of summary judgment based upon the limitations periods provided in 26 U.S.C. §§ 7431(d) and 7433(d)(3).

4. The Quillens' amended complaint does not specify any facts pertaining to the alleged unlawful disclosure, but merely consists of the bare allegation that the IRS made an unlawful disclosure. The court has liberally construed the complaint as alleging the unlawful disclosure in connection with the levies. To the extent that the Quillens allege unlawful disclosure apart from the levies, the court finds that the claim is unsupported by facts sufficient to survive a motion for summary judgment.

## V.

For reasons stated, the court will grant summary judgment to the United States and will grant Hamilton Bank's motion to dismiss.

An appropriate order will issue.