## Cochrane's Estate.

Argued April 25, 1941. Before SCHAFFER, C. J., MAXEY, LINN, STERN, PATTERSON and PARKER, JJ.

Bertram P. Rambo, of Rambo, Rambo & Knox, with him F. Kenneth Moore, for appellants.

E. Russell Shockley, Deputy Attorney General, with him Paul P. Wisler and Claude T. Reno, Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 26, 1941:

The questions here raised relate to the transfer inheritance tax imposed on joint bank accounts by the Act of July 14, 1936, P. L. 44, 72 PS Sec. 2301. The Orphans' Court sustained the tax as levied. Appellant presents two contentions for our consideration: (1) that the Act is unconstitutional because violative of Section 1, Article 9 of the State Constitution, the tax uniformity clause, and (2) that the appraisement is improperly made, because it includes all the assets of the decedent's estate in one general appraisement, thus imposing the tax on the joint bank accounts upon appellant as executor, when the funds therein do not come into its hands, but go to the surviving joint tenant.

The joint bank accounts here involved aggregate $1,093,057.92. They were deposited in the joint names of the deceased, James Cochrane, and his brother, Charles P. Cochrane. The former had contributed $329,877.49, the latter, the survivor, $338,147.32, or $8,269.83 more than the deceased. The remainder was

the contribution of another brother who predeceased James.

The Act reads: "Whenever any property, real or personal, is held in the joint names of two or more persons, except as tenants by the entirety, or is deposited in banks or other institutions or depositories in the joint names of two or more persons, except as husband and wife, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer, taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant."

It is argued by appellant that all that can constitutionally be taxed is the amount contributed by the deceased joint tenant and that to provide taxation in the way the act does works inequality. It is pointed out that under the Act there would not be uniformity in the amount of tax payments, where an individual places a sum of money in a joint bank account and where he bequeaths the same sum of money by will or makes a gift of the same sum by deed of trust. In the first instance, if there were two joint tenants, only one-half of the sum would be taxed, whereas in the two other instances the entire amount would be. Summing up the status of the various deposits, the learned judge who heard the case says in his able opinion: "All of the joint contracts creating the joint accounts in this case provide, in effect, that all money deposited in joint accounts should be taken and deemed to belong to the parties as joint tenants, with a right of survivorship, and not as tenants in common, and upon the death of either of the parties any balances in the account should become the absolute property of the survivor, with the

additional provision that the entire account, or any part thereof, might be withdrawn by, or upon the order of either of the parties, and upon the death of the one, by the survivor. . . . They created the relationship of joint tenants between the parties which, of itself, gave each an equal interest in the fund." If their interest had not been equal, with the whole going to the survivor, it would not be a joint tenancy. If their interest is to be measured by their contributions, there would be an inequality and no joint tenancy would exist, because it is of the very essence that there shall be one and the same interest.

The fallacy of appellant's argument is that it is based upon the premise that upon the death of one joint tenant the surviving joint tenant acquires the contribution of the decedent to the joint fund. What is actually acquired by the surviving joint tenant is the right to the immediate ownership, possession and enjoyment of the whole property and it is the accrual of this right which the statute properly taxes. The interests of joint tenants are equal. They own the half or part and the whole, per my et per tout. There is a unity of interest, title, time and possession: *Madden v. Gosztonyi Savings & Trust Co.*, 331 Pa. 476, 200 A. 624; *Walker's Est.,* 340 Pa. 13, 16 A. 2d 28. Even where one contributes the entire sum to a joint bank account, the rights of each of the tenants to the joint fund are the same, the one who made the contribution has by that act made an immediate gift to the other: *Mader v. Stemler,* 319 Pa. 374, 179 A. 719; *Culhane's Est.,* 133 Pa. Superior Ct. 339, 2 A. 2d 567, affirmed by us, 334 Pa. 124, 5 A. 2d 377. Hence what one tenant acquires on the death of the other, where there are two joint tenants, as here, is the right to the immediate possession, ownership and enjoyment of the entire fund and not, as viewed by appellant, the contribution of the deceased joint tenant. Joint tenancies are in a class by themselves and the tax here in question being uniform upon all joint ten-

ancies the constitutional provision is not violated. We are not concerned with testing the question of uniformity with estates of different kinds created in different ways.

Appellant also contends that the appraisal and assessment as made is void, because it assesses a single tax and that against the executor and includes a tax on the fund in the joint bank accounts which does not go through its hands. This is based upon the assumption that the appraiser appraised one-half of the joint bank accounts as part of the estate of the decedent in the hands of the executor and that the assessment with respect to such accounts was made against it. The State appraiser is required to appraise in one assessment the various items constituting the taxable estate of the decedent, real estate, assets donated in contemplation of death, those comprising a gift to take effect at or after death, funds in joint bank accounts, etc. The statute (Transfer Inheritance Tax Law of June 20, 1919, P. L. 521, 72 PS Sec. 2301 et seq.) contemplates only one appraisement of all the taxable assets of the decedent's estate. Who shall pay the tax depends upon who receives the property. The Commonwealth may be required to look to several sources in order to obtain the aggregate amount of the taxes. The only tax which is chargeable against the personal representative is that on the assets passing through its hands, which it is required to deduct from each distributive share. For the tax on the other assets of the estate, which do not pass through its hands, the Commonwealth must look to the individuals receiving the property.

The order of the court below dismissing the appeals from the assessments is affirmed at the cost of appellant.