UNITED STATES v. THIRD NAT. BANK & TRUST CO., SCRANTON, PA.

Civ. No. 3974.

United States District Court, M. D. Pennsylvania.

March 13, 1953.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for plaintiff.

Welles & Mackie, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action of a civil nature arising under the Internal Revenue Laws and instituted pursuant to the authority and sanction of the Commissioner of Internal Revenue under the direction of the Attorney General of the United States.

The parties stipulated the facts, and on the basis of such the Court makes the following findings of fact:

1. The defendant is a corporation, organized and existing under the National Bank Act, 12 U.S.C.A. § 21 et seq., with its principal office and place of business in Scranton, Pennsylvania.

2. The Commissioner of Internal Revenue duly assessed against Mary E. Noone, hereinafter called taxpayer, an income tax deficiency in the amount of $255.40 for the year 1945.

3. Notice and demand for payment of said assessment was made on taxpayer on December 21, 1948, and on January 31, 1949, but the assessment was not paid.

4. A warrant for distraint was issued on February 16, 1949, by the Collector of Internal Revenue for the Twelfth District of Pennsylvania, listing $306.99, including interest and lien fee, owing by taxpayer.

5. A notice of tax lien was filed on May 12, 1949, with the Prothonotary of Lackawanna County, Scranton, Pennsylvania.

6. On May 13, 1949, a notice of levy was issued on the defendant, Third National Bank and Trust Company by the Collector, demanding that defendant turn over the amount of $306.99, which was the amount of tax, interest and lien fee then due and

owing by the taxpayer. .Copies of the warrant for distraint· and notice of the tax lien were also served on the defendant.

7. On May 13, 1949, the date of levy, the defendant was in possession of the following bank accounts of said taxpayer:

(a) Savings Account No. 78274, in the name of Mary E. Noone, balance .$151.35. ($154 at date of trial.)

| Deposit Date | Amount |
|---|---|
| October 19, 1945 | $ 280.42 |
| January 7, 1946 | 66.00 |
| January 21, 1946 | 804.46 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| June 26, 1946 | 2140.07 |

(b) Savings Account No. 88160, in the name of Thomas E. Noone and/or Mary E. Noone, with the right of survivorship, balance $2,293.49. ($2,333.87 at date of trial.) Signature card dated October 19, 1945, bears the signature of Mary E. Noone alone, although the name of Thomas E. Noone is typed thereon. The account shows the following deposits:

Type

Check in amount of $854.46, $50.00 taken and balance of $804.46 deposited. Recordak reveals: "Paid to the order of Mary E. Noone in amount of $854.46 drawn on First National Bank of Chicago, issued by Household Savings Retirement Trust. Signed by two trustees."

Check. Recordak reveals: "Paid to the order of Mary E. Noone in amount of $2140.07; drawn on First National Bank of Chicago; issued by Household Finance Corporation."

(c) Savings Account No. 84919, in the name of Thomas E. Noone and/or Mary E. Noone, with the right of survivorship, balance $10.58. ($10.66 at date of trial.) Signature card dated May 16, 1944, bears signature of both Thomas E. Noone and Mary E. Noone.

8. A Certificate of Assessment and Payments signed by the Collector of Internal Revenue for the Twelfth District of Pennsylvania on July 15, 1949, shows a payment on said assessment of $12.53 made on June 28, 1949, and lists an outstanding balance due from taxpayer of $284.78, including interest to December 10, 1948.

9. The defendant has failed and refused to surrender to the United States of America any part of the above deposits.

Discussion.

Before this action was brought, payment of the assessment was duly demanded of the taxpayer and, upon her failure to pay, a notice of levy, warrant of distraint and notice of tax lien were served upon the bank pursuant to the provisions of Section 3690 of the Internal Revenue Code.[1] A demand pursuant to the provisions of Section 3710(a)[2] was duly made upon the bank to surrender so much of the deposits

1. 26 U.S.C. 3690.
  "If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of·the person delinquent as aforesaid."

2. 26 U.S.C. 3710(a).
  "Any person in possession of property, or rights to property, subject.to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making · such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process."

to the Collector as was required to pay the tax owed by the taxpayer, but the bank refused to comply with the demand. At the time of this demand the bank accounts were not subject to an attachment or execution under any judicial process. This suit was then brought pursuant to Section 3710 (b) of the Internal Revenue Code [3] to recover from the bank a sum equal to the taxes due, plus interest and costs.

■ In order to enforce the right conferred upon the Collector by Section 3710 (a), it is necessary to establish the following: (1) the existence of property or rights to property in a delinquent taxpayer, (2) the possession of such property or rights to property by the person to whom demand therefor is made by the Collector, and (3) that such property or rights to property are subject to distraint. United States v. Penn Mutual Life Ins. Co., 3 Cir., 1942, 130 F.2d 495, 142 A.L.R. 888.

■ As to Savings Account No. 78274, which appears in the name of Mary E. Noone, it is clear that the taxpayer is the owner of said account and thus is the owner of "property or rights to property." As to Savings Account No. 88160, which is in the name of Thomas E. Noone and/or Mary E. Noone, with the right of survivorship, the evidence establishes that Thomas E. Noone is not the sole owner of said account. The bank records indicate that

Mary E. Noone deposited $2,944.53 of the total deposits of $3,290.95 made in the account; the records do not indicate who deposited the balance. Furthermore, though the name of Thomas E. Noone is typed on the signature card, it bears only the signature of Mary E. Noone. Having found that Thomas E. Noone is not the sole owner of said account, it is not necessary to determine whether Mary E. Noone is the sole owner of said account or merely a joint tenant with right of survivorship,[4] because in either case the taxpayer was the "owner of property or rights to property." It is not necessary to consider the third bank account as the balance in the first two was more than sufficient to cover the tax, interest and costs.

As to the second requirement under Section 3710(a) that the third person be in possession of "property, or rights to property" of the taxpayer, since the money was on deposit in defendant bank, this requirement was also satisfied.

■ The third requirement under Section 3710(a) that such "property, or rights to property" be legally subject to distraint is likewise present. Under Section 3690, bank accounts are included within the scope of the Collector's authority to distrain. United States v. Penn Mutual Life Insurance Co., 3 Cir., 1942, 130 F.2d 495, 142 A.L.R. 888, supra; United States v.

3. 26 U.S.C. 3710(b).

"Any person who fails or refuses to so surrender any of such property or rights shall be liable * * * to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

4. Whether or not a bank account is held in joint tenancy with right of survivorship depends on the intention of the parties. Glessner v. Security Peoples Trust Co., 156 Pa.Super. 56, 39 A.2d 165. It is generally held that a joint tenancy with right of survivorship is created when the bank account is in the names of two persons and provides for payment to either or survivor of them: In re Cochrane's

Estate, 342 Pa. 108, 20 A.2d 305, 135 A.L.R. 1058; Reap v. Wyoming Valley Trust Co., 300 Pa. 156, 150 A. 465; Mardis v. Steen, 293 Pa. 13, 141 A. 629. Even where one contributes the entire sum to a joint bank account, the rights of each joint tenant are the same; the one who made the contribution has by that act made an immediate gift to the other: In re Cochrane's Estate, 342 Pa. 108, 20 A.2d 305, supra; Mader v. Stemler, 319 Pa. 374, 179 A. 719; Glessner v. Security Peoples Trust Co., 166 Pa.Super. 566, 72 A.2d 817; but not so where account was opened in both names merely for convenience in making withdrawals and without the intent of creating any property interests: Dempsey v. First National Bank of Scranton, 359 Pa. 177, 58 A.2d 14; In re Zellner's Estate, 316 Pa. 202, 172 A. 715; Flanagan v. Nash, 185 Pa. 41, 39 A. 818.

Marine Midland Trust Co. of New York, D.C.S.D.N.Y.1942, 46 F.Supp. 38. It cannot be questioned that the first account, which is in the name of Mary E. Noone alone, was the proper subject matter of a distraint. As to the second account, which was in the name of Thomas E. Noone and/or Mary E. Noone, having determined that Thomas E. Noone was not the sole owner of said account, the interest of Mary E. Noone in said account was the proper subject matter of a distraint. This holds whether she was the sole owner of the account, or merely a joint tenant with the right of survivorship, because the interest of one of two joint tenants of a bank account may be seized under an attachment or execution. The attachment of the interest of a joint tenant operates as a severance of the joint ownership, makes them tenants in common and terminates the right of survivorship. Dover Trust Co. v. Brooks, Court of Chancery of N.J., 111 N.J.Eq. 40, 160 A. 890; In re Erie Trust Co., 19 Erie, Pa., 469.

The sole defense asserted by the bank appears to be that since Mary E. Noone and Thomas E. Noone are not parties to the action, the bank may be subject to double liability.

Section 3710(b) is entirely a penal statute directed against persons who refuse to surrender property to the Collector as required by Section 3710(a), and accordingly no other parties are necessary to the suit. United States v. Metropolitan Life Ins. Co., D.C.E.D.Pa.1941, 36 F.Supp. 399. The fact that the bank may be subject to double liability is no defense, because Section 3710(a) permits only two defenses, to wit, that the third person is not in possession of property of the taxpayer which is subject to distraint or that the property is subject to a prior judicial attachment or execution. United States v. Manufacturers Trust Co., 2 Cir., 1952, 198 F.2d 366; Commonwealth Bank v. United States, 6 Cir., 1940, 115 F.2d 327; United States v. Marine Midland Trust Co. of New York, D.C.S.D.N.Y.1942, 46 F.Supp. 38, supra. The defendant has failed to raise or establish either of these defenses.

## Conclusions of Law.

1. Savings Account No. 78274 and No. 88160 constituted property rights of the taxpayer, and were in possession of the defendant.

2. Said property rights were subject to distraint under Section 3710(a) of the Internal Revenue Code, 26 U.S.C.A.

3. At the time of demand such property rights were not subject to an attachment or execution under any judicial process.

4. Plaintiff is entitled to judgment in the amount of $284.78, with interest thereon from December 21, 1948, together with costs.