## O'Donnell Estate

*Joseph Marzzacco*, for Commonwealth.

*Wm. M. Murphy*, for respondent.

BRADY, P. J., June 30, 1953.—This case came before us on citation by the Register of Wills of Lackawanna County to show cause why one half of the balance held in a joint bank account with right of survivorship, by two sisters, on the death of one of the cotenants, should not be made subject to the payment of a transfer tax as an accrual to the surviving joint tenant.

The issue raised by the surviving joint tenant is that there are due and owing debts of the deceased joint tenant in an amount more than one half of the joint account amounts to, and that therefore no tax is due the Commonwealth.

Decedent died December 21, 1951, and the appraisement for transfer inheritance tax was made June 23, 1952, on one half the joint account at the rate of 15 per cent.

The stipulation signed by counsel representing the parties contains the following:

"There was at the time of the death of Julia I. O'Donnell, a certain bank account #53820 in the First National Bank of Scranton, Pennsylvania, in the sum of Nine Thousand One Hundred Ninety-Four Dollars and Ninety-eight cents ($9,194.98); and that said bank account was held in the joint names of Julia I. O'Donnell decedent and Sara A. O'Donnell with the right of survivorship, but that said sum of money originally belonged to Sara A. O'Donnell alone."

The Act of May 11, 1949, P. L. 1083, 72 PS §2301, contains, inter alia:

"(e) Whenever any property, real or personal, is held in the joint names of two or more persons, except as (Tenants by the entirety) husband and wife, or is

deposited in banks or other institutions or depositories in the joint names of two or more persons, except as husband and wife, so that upon the death of one of them the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer, taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant."

Under this provision of the act there seems to be no doubt that the surviving joint tenant is liable for transfer inheritance tax on the amount accruing to her by the death of the other joint tenant.

But the problem we are confronted with here is: Is the *accrual* payable to the surviving joint tenant subject to any debts of deceased joint tenant? I find nothing in the act either specifically or inferentially making the *accrual* subject to the debts of the deceased joint tenant.

A joint bank account is a bank account of two or more persons so fixed that they shall be joint owners thereof during their natural lives, and the survivor shall take the whole on the death of the other: 3 R. C. L. 527.

A joint tenancy or ownership is an estate held by two or more persons jointly, with an equal right in all to share in the enjoyment of the property during their lives. Four requisites must exist to constitute a joint tenancy, viz: The tenants must have one and the same interest; the interest must accrue at one and the same conveyance; they must commence at one and the same time, and the property must be held by one and the same undivided possession: 7 R. C. L. 811; 10 R. C. L. 649; 13 R. C. L. 1098.

Where a joint bank account is established and one of the two joint tenants dies, the surviving tenant acquires the right to immediate possession, ownership and enjoyment of the entire fund, and not the contributions of the deceased joint tenant: In re Cochrane's Estate, 342 Pa. 108, 20 A. 2d 305; 135 A. L. R. 1058.

A bank account opened as a true joint account with right of survivorship ordinarily vests a present interest in the parties and, upon the death of one party, survivor, as sole and absolute owner, is entitled to the fund, and no part of the fund constitutes part of the estate of decedent: Onofrey v. Wolliver et al., 351 Pa. 18, 40 A. 2d 35; 155 A. L. R. 1074.

The agreement to create a joint bank account with right of survivorship is not testamentary in character nor does it impose a trust upon the survivor to hold for the use of decedent's estate: Kachura v. Kachura, 9 Schuyl. Reg. 23, 56 York 17; Balas et al. v. Kasper et al., 77 D. & C. 465; Fell Estate, 369 Pa. 597.

The troublesomeness of this problem is enhanced by the scantiness of appositive authorities. Indeed, diligent canvass of the precedents has failed to yield a precise pattern for this case. In my opinion, this is a matter for the legislature to clarify and establish the rights of creditors in joint tenancy cases and not for me.

Incidentally, I might add there is a coincident in this case as to the hour of the death of decedent and the signing of the act fixing the transfer inheritance tax at 15 per cent. Decedent died December 21, 1951, and the new act increasing the tax was signed on the same date. Neither respondent's counsel nor the Commonwealth offered any evidence as to the precise time of day of December 21, 1951, that decedent died or that the Governor signed the act, or as to whether it was signed before or after decedent's death. This is a matter that should be taken into consideration by the Com-

monwealth and determined as to whether the tax is a
10 per cent tax or a 15 per cent tax.

And now, June 30, 1953, we conclude and so find
that the accrual of the immediate ownership, posses-
sion and enjoyment to the surviving joint tenant is
taxable without deduction of debts of the deceased joint
tenant, and the tax found to be due should therefore
be paid by the surviving joint tenant.