## Hetrick Estate

*Huettoe E. Dowling* and *H. Rank Bickel*, for petitioner.

*Charles E. Sweigaid, Jr.*, for respondent.

SWOPE, P. J., May 11, 1967.—We have before us an election by Hilda M. Hetrick, widow of Herman E. Hetrick, deceased, under section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended, directed against certain inter vivos conveyances of personal property made by decedent.

Herman E. Hetrick died, intestate, a resident of Derry Township, Dauphin County, Pa., on October 16, 1964, leaving as his only heirs at law and next of kin, his wife, Hilda M. Hetrick, and a daughter by a former marriage, Evelyn I. Price. The assets in dispute consist of United States Government Savings Bonds, Series "E", registered in the name of "Mr. Herman E. Hetrick or Mrs. Evelyn I. Price", and a savings account in the Valley Trust Company of Palmyra, Pa., in the joint names of decedent and Evelyn I. Price, with right of survivorship. It does not appear that the daughter, Evelyn I. Price, ever made any contribution to either the purchase of the savings bonds or to the savings account.

The widow, hereinafter called petitioner, alleges fraud and inequitable conduct in the conveyance of

such assets and contends that the actions of decedent are to be considered testamentary and void as to her, pursuant to her election. Basically, however, petitioner's claim must rest on section 11(a) of the Estates Act of 1947, as amended by the Act of February 17, 1956, P. L. (1955) 1073, sec. 4, 20 PS §301.11, which provides:

"Conveyances to defeat marital rights.—

"(a) In General. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved. . . ."

We are satisfied that petitioner's election, at least insofar as it seeks to reach the United States Series "E" Bonds, must fail. Several lower court decisions have dealt specifically with the rights of a surviving spouse under section 11 as to series "E" bonds "payable on death" to a named beneficiary and have concluded that an election under section 11 was ineffective with respect to such bonds: Graham Estate, 3 D. & C. 2d 218, 4 Fiduc. Rep. 467 (1954). The Pennsylvania Supreme Court, in Horstman Estate, 398 Pa. 506 (1960), dealt with exceptions by the surviving spouse to an account filed without inclusion as an asset of certain series "E" bonds designated in the names of decedent and her nephews and nieces as co-owners, holding that the surviving co-owner will be recognized as the sole and absolute owner of such bonds free from any claims of the surviving spouse. The principles of Horstman Estate will apply with equal force to an election under section 11 of the Estates Act where the subject matter of the election is United States Government series "E" bonds. From the discussion in that same opinion, it is clear that

no difference in legal result arises whether the bonds are "payable on death" to a designated beneficiary or, as in the instant case, are "co-owner" bonds, which become the property of the surviving owner upon the death of the other co-owner.

Petitioner, however, points to certain dicta, appearing as follows at page 516 in Horstman Estate, as an exception to the general rule that the surviving co-owner will be recognized as sole and exclusive owner of such bonds:

"To the almost universally accepted rule of the primacy of these federal regulations over the laws of the individual states in fixing the ownership of these bonds in surviving co-owners an exception is generally recognized. If it is established that the surviving co-owner of the bond was guilty of fraud or other inequitable conduct in connection with the issue or registration of the bond, or, that the purchaser was guilty of inequitable conduct in the purchase and registration of the bonds, such as acting in fraud of marital rights, many courts have properly taken the position that, even though the federal regulations absolutely control and govern payment of the amount of the bond to the surviving co-owner by the issuer, the Government, yet, upon payment being received from the Government by the surviving co-owner, the *proceeds* of the bond—not the bond itself—may be impressed with a trust [and cases cited]".

Even were we to concede this as a statement of the law, it presently avails petitioner naught, since she has shown here no fraud or inequity on the part of respondent or decedent in the purchase and registration of the bonds. The Supreme Court itself, in Horstman Estate, followed the general rule in a case where all the bonds in question were purchased and registered after decedent's marriage to the complaining spouse. In the absence of positive proof of fraud on the

part of respondent or decedent, we feel constrained to follow the general rule also in the case at hand where all but two of the eight bonds were purchased and registered before the marriage of decedent to petitioner. We find no basis upon which to impress the proceeds of the bonds, when they shall have been paid to respondent, with a constructive trust in favor of petitioner.

With regard to the savings account registered in the joint names of decedent and respondent with right of survivorship, however, we are satisfied that petitioner's claim must be sustained. Section 11(a) of the statute provides that such a conveyance shall, at the election of the surviving spouse, be treated as a testamentary disposition to the extent to which decedent reserved the power of consumption or revocation. The nature of such a joint bank account in relation to an election under section 11 is such that decedent is held to have reserved the requisite power over one half of the amount of the savings account at the date of his death: Hershey Estate (No. 1), 10 Fiduc. Rep. 390 (1960). As against this amount, the widow is entitled to a specific share, as provided in section 11(b) of the Estates Act, in this case one half of the amount over which decedent reserved a power, decedent being survived by one child. Thus, petitioner is entitled to one fourth of the balance of the savings account at the time of decedent's death.

One final question must be decided. Petitioner contends that the balance remaining in the account at the time of decedent's death was $4,890.34, whereas respondent claims it was only $2,958.13. The discrepancy arises out of the legal effect to be given certain actions taken by respondent with regard to the account. A few days prior to decedent's death, when the balance in the account totalled approximately $4,900, decedent requested of respondent that she withdraw

the sum of $2,000 from the savings account and place it in his checking account, in order that he could pay medical bills which he anticipated. When respondent sought to carry out decedent's request, she discovered that a withdrawal at that time would cause the loss of substantial interest payable in the near future on the savings account. The cashier at the bank suggested as a device that rather than withdrawing $2,000 from the savings account immediately, respondent should instead borrow the amount, pledging as security her note, the savings account itself and a *signed withdrawal slip* drawn on the savings account in the amount of $2,000. Having thus preserved the payment of interest on the full amount in the savings account, the loan would thereafter be repaid by completion of the withdrawal. This resulted in interest in the amount of $73.75 being added to the account on November 1, 1964, shortly after the death of decedent. The $2,000 obtained by respondent in this manner was placed in decedent's checking account. Respondent, on November 2, 1964, after decedent's death, withdrew $2,005.56 from the savings account to pay the loan, leaving a balance of $2,958.13, the amount claimed by respondent to represent the actual balance of the savings account at the time of decedent's death.

No cases appear to guide the court in ascertaining the true balance in the account at the date of decedent's death. In looking to the substance of the actions taken with respect to the savings account, it is our conclusion that the balance remaining at the time of decedent's death was in reality only $2,958.13, and that the arrangement between the bank and respondent was simply a matter of a courtesy extended by the bank to a customer whereby the bank sought to preserve for its customer the benefit of an impending interest payment. We are led to this conclusion by the fact that the savings account itself was pledged as

security for the loan and if the loan had not been repaid the bank would merely have debited the savings account. The bank also held a *signed withdrawal slip* on the savings account in the amount of the loan. The mere fact that the bank had agreed not to debit the account in the amount of the withdrawal slip in order to preserve interest on the account does not alter the fact that, in reality, the savings account actually amounted to $2,000 less than appeared therein. The arrangement was merely a courtesy on the part of the bank to a customer, the true state of the savings account being known to all the parties.

No reason other than to preserve interest appears to explain the actions taken by respondent with respect to the savings account. Respondent, at the time the arrangement was entered into and the $2,000 placed in decedent's checking account, was in no way responsible for decedent's medical expenses and was not indebted to decedent. This court feels it would be highly inequitable to penalize respondent for her actions which, in fact, looked only to the enhancement of the funds on deposit. We will not now, in all fairness, ignore the substance of the transaction involved and relegate respondent to the position of a mere creditor of decedent's estate.

Accordingly, we make the following

## ORDER

And now, May 11, 1967, the election of Hilda M. Hetrick filed herein with regard to certain enumerated United States Government Series "E" Bonds is hereby dismissed. It is further ordered that Hilda M. Hetrick, by virtue of her election, is entitled to a one half share of the one half interest of her deceased spouse, Herman E. Hetrick, in the balance remaining in the joint savings account in the Valley Trust Company of Palmyra, Pa., in the names of decedent and Evelyn I. Price on the date of his death, in accordance

with the foregoing opinion, said share of Hilda M. Hetrick amounting to $739.54.

Costs of this proceeding to be paid from the estate of Herman E. Hetrick.