Righter, Appellant, *v.* Righter.

Argued January 19, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Richard B. Sigmond,* with him *Leonard Spear,* and *Meranze, Katz, Spear & Bielitsky,* for appellant.

*Malvin L. Skaroff,* with him *Skaroff and Skaroff,* for appellee.

OPINION BY MR. JUSTICE JONES, March 18, 1971:

This is an appeal from a decree entered by the Court of Common Pleas of Philadelphia.

In this case a deceased husband had purchased realty in the name of his paramour and himself as *tenants by the entireties,* in derogation of his legally married spouse. As the husband died intestate, his widow filed a complaint in equity seeking a declaration of her rights vis-a-vis the paramour in the jointly held premises. The court below correctly interpreted the teaching of this Court in *Maxwell v. Saylor,* 359 Pa. 94, 58 A. 2d 355 (1948), and *Pennsylvania Bank and Trust Co. v. Thompson,* 432 Pa. 262, 247 A. 2d 771 (1968), to the effect that where a deceased spouse takes title to property with another, not his legal spouse, as tenants by the entireties, a joint tenancy with right of survivorship will be created rather than a tenancy in common, if such construction best carries out the intent of the parties to the deed. *See, also, Michael Estate,* 421 Pa. 207, 218 A. 2d 338 (1966); *Bove v. Bove,* 394 Pa. 627, 149 A. 2d 67 (1959); *Teacher v. Kijurina,*

365 Pa. 480, 76 A. 2d 197 (1950); Annot., 83 A.L.R. 2d 1051 (1962). Reviewing the record, we are persuaded by the logic of the lower court that a joint tenancy with right of survivorship best effectuates the parties' intent.

Employing well-settled principles of law, the court below concluded that the paramour became seized of the entire fee upon the death of her joint tenant. However, in our opinion, the court below prematurely terminated its analysis at this stage and thereby evaded the ultimate issue presented by the appellant-widow: whether a surviving spouse is entitled to any intestate share under Section 11 of the Estates Act, Act of April 24, 1947, P. L. 100, §11, as amended, 20 P.S. §301.11 (Supp. 1970), in property held by her deceased husband as a joint tenant with right of survivorship.*

---

* In *Maxwell v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948), this Court was confronted with a similar set of facts involving a controversy between a widow and her husband's paramour who held certain property as a tenant by the entireties with the widow's husband. Deciding that a joint tenancy with right of survivorship was created, this Court awarded the property outright to the paramour. However, as the majority and dissenting opinions make clear, the problem of a widow's election was not presented to the Court as its attention was solely directed to the question whether a joint tenancy with right of survivorship or a tenancy in common was created. We can only surmise that Mrs. Maxwell never pressed this claim. For this reason we do not believe *Maxwell* binds us on this issue. Without resolving this issue due to the procedural posture of this appeal, we do note that several county courts have considered this issue on analogous facts. *See Hines Estate*, 44 Pa. D. & C. 2d 401, 409 (O. C. Bucks Co. 1968); *Hetrick Estate*, 42 Pa. D. & C. 2d 582 (O. C. Dauphin Co. 1967); *O'Connell Estate*, 16 Fiduc. Rep. 491 (O.C. Allegh. Co. 1966); *Burk Estate*, 15 Fiduc. Rep. 449, 455 (O. C. Mont. Co. 1965); *Hagy Estate*, 15 Fiduc. Rep. 456, 460-61 (O. C. Phila. 1964); *Hershey Estate*, (No. 2), 23 Pa. D. & C. 2d 523 (O. C. Fulton Co. 1960); *Hershey Estate* (No. 1), 10 Fiduc. Rep. 390 (O. C. Fulton Co. 1960); *Longacre v. Hornblower & Weeks*, 83 Pa. D. & C. 259 (C. P. Pihla. 1952). *See, generally, Montgague Estate*, 403 Pa. 558, 170 A. 2d 103 (1961).

Owing to the procedural posture of this appeal, we find it unwise to reach this issue. As indicated above, this action was instituted in the court of common pleas In light of the widow's reliance on Section 11 of the Estates Act, we must take note of the last sentence of the 1956 amendment to that legislation: "The court having jurisdicion of the deceased conveyor's estate shall determine the rights of the surviving spouse in the property included in the conveyance." Act of February 17, 1956, P. L. (1955) 1073, §4, 20 P.S. §301.11(d) (Supp. 1970). Accordingly, the orphans' court division has exclusive jurisdiction. *Johnson v. Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith*, 408 Pa. 31, 182 A. 2d 724 (1962).

Decree vacated. Each party pay own costs. The matter is transferred to the Orphans' Court Division of the Court of Common Pleas of Philadelphia.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.