**Righter Estate**

Before Klein, Adm. J., Lefever, Saylor, Shoyer, Pawelec and Silverstein, JJ.

*Richard B. Sigmond,* for plaintiff.
*Malvin L. Skaroff,* for defendant.

LEFEVER, J., May 26, 1972.—Amanda Righter and decedent, William Righter, Jr., were married on November 8, 1941, in Wilmington, Del. Sometime thereafter, the deceased allegedly deserted his wife, and a support order against him in her favor was awarded by the Philadelphia County Court. Thereafter, he began to cohabitate with a woman who calls herself "Jean Righter." On October 21, 1957, decedent and Jean Righter, as "husband and wife," purchased premises 1720 South Orianna Street, Philadelphia, taking title as "tenants by the entireties." The marriage of decedent and Amanda Righter was never dissolved. Decedent and Jean Righter were never married.

On August 4, 1969, decedent died intestate. His widow then instituted an action in equity in the Trial Division of the Philadelphia Court of Common Pleas, captioned Amanda Righter v. Jean Righter, November term, 1969, no. 551. The widow's complaint in equity alleged the foregoing facts and claimed a one-half undivided interest in premises 1720 South Orianna Street, Philadelphia, Pa., under the intestate laws of the Commonwealth of Pennsylvania. Defendant filed preliminary objections. These were dismissed. Answer on the merits was then filed. Thereupon, plaintiff filed a motion for summary judgment. On August 5, 1970, Judge Reimel denied this motion, and entered judgment on the pleadings for defendant.

The case was then appealed to the Supreme Court of Pennsylvania, as of January term, 1970, no. 664. On March 18, 1871, the court, per Mr. Justice Jones (now Chief Justice), filed an opinion (442 Pa. 428) in which it vacated the decree of Judge Reimel and directed that : "The matter is transferred to the Orphans' Court Division of the Court of Common Pleas of Philadelphia."

On October 29, 1971, the entire file was docketed in the office of the Clerk of the Orphans' Court Division,

under the caption Estate of William Righter, Jr., Deceased, no. 3075 of 1971. No pleadings have been filed in this division. On April 10, 1972, counsel for the widow submitted to the Orphans' Court Clerk a motion for summary judgment and praecipe to place this upon the motion list. These documents carried the caption of the case in the Trial Division and not the caption in the Orphans' Court Division. This raises a question of first impression,[1] namely, the practice and procedure to be followed when a case improperly instituted in the Trial Division of the Common Pleas Court of Philadelphia is transferred to its Orphans' Court Division.

Since this case is now, by mandate of the Supreme Court of Pennsylvania, in the Orphans' Court Division, the regular practice and procedure in this division must be followed: Eberhardt v. Ovens, 436 Pa. 320 (1969). See Fiduciary Reviews of March 1970, and August 1971.

The order of the Supreme Court of Pennsylvania, dated July 3, 1969, effective as of January 1, 1969, provided:

"And now, this 31st day of December, 1968, all statutes and rules governing practice and procedure in actions and proceedings in the courts of record and courts not of record of this Commonwealth in force on December 31, 1968, shall continue in force until suspended, revoked or modified, pursuant to Article V of the Constitution of Pennsylvania." ("Order No. 24," published in The Legal Intelligencer, issue of July 3, 1969.)

"It is believed that the above order is intended, inter alia, to provide that the Supreme Court-Orphans' Court

---

[1] This is a product of the consolidation of the Courts of Philadelphia under the amendment of 1968 to the Pennsylvania Constitution, effective January 1, 1969.

Rules, as last revised January 26, 1968, and local Orphans' Court Rules in existence December 31, 1968, shall continue to apply to business conducted in Orphans' Court Divisions of the Courts of Common Pleas of the Commonwealth": Fiduciary Review, August 1969.

Supreme Court-Orphans' Court Rule § 3:R.1 provides: *"Conformity to Equity Practice. Exceptions.*

"Except where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly, or by general rule or special order of the local Orphans' Court, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas."

Local Rule \*32.1 of the Philadelphia Orphans' Court specifies the pleadings in that court, viz.:

"The pleadings in the Orphans' Court shall be limited to a petition, an answer, a reply, preliminary objections, and an answer to preliminary objections. . . ."

Since we have a specific local rule on this subject, it follows that Pennsylvania Rule of Civil Procedure 1512 relating to actions in equity and providing "The court may enter a nonsuit against the plaintiff under the same circumstances . . . as in actions at law." does not apply.

The pleadings and orders which have been filed in this case in the trial division consist of a complaint in equity, preliminary objections to that complaint, an order dismissing the preliminary objections, answer on the merits, motion for summary judgment, and opinion and decree dismissing the complaint. These pleadings do not conform to the pleadings and practice required by the rules of our court.

Neither the Orphans' Court of Philadelphia nor the Orphans' Court Division of the Philadelphia Common Pleas Court has ever recognized such a pleading or

procedure as a motion for summary judgment. It is true that a compulsory nonsuit in a will contest was permitted in Townsend Will, 430 Pa. 318 (1968). However, in Jervis Will, 443 Pa. 226 (1971), the court disapproved of this, stating through Mr. Justice Jones, at pages 229 and 230:

"In view of the proponents' motion to quash this appeal as interlocutory, we have decided, sua sponte, to consider the procedural posture of this appeal: whether the Orphans' Court Division of a Court of Common Pleas has the competence to enter a compulsory nonsuit in a will contest. We begin with the proposition that compulsory nonsuits are the creatures of either statute or a Rule of this Court. Although the Act of March 11, 1875, P. L. 6, §1, 12 PS §645, permitted the entry of compulsory nonsuits *in actions at law*, and Rule 1512 of this Court extended the right to enter a compulsory nonsuit to actions in equity, our research fails to disclose any statute or rule of this Court which authorizes the entry of a compulsory nonsuit in a will contest. Moreover, by a host of decisions, it has been established that the Orphans' Court (now Orphans' Court Division) is a special tribunal for specific cases and is a court of limited jurisdiction which exercises only such power as is extended to it by statute, either expressly or by necessary implication. . . [citing cases].

"While we entertained an appeal which involved the same procedure in Townsend Will, 430 Pa. 318, 241 A. 2d 534 (1968), cert. denied, 393 U. S. 934 (1969), and indicated in dicta that the procedure was acceptable, Townsend noted that the term 'judgment' rather than 'compulsory nonsuit' was more appropriate since the proponents of the will had introduced evidence. Townsend, in this respect, is not binding upon us and we conclude that a compulsory nonsuit is improper

in a will contest until the General Assembly or this Court sees fit to provide such competence to the Orphans' Court Division of the Court of Common Pleas."

Ordinarily, we would make every effort to accept the pleadings erroneously filed in the trial division to expedite the disposition of litigation. However, the posture of the instant case is so lacking in information essential to an intelligent and comprehensive disposition of the issues presented that we must insist upon compliance with our rules. Although this litigation appears to be between two living persons, namely, decedent's widow and his paramour, in the Orphans' Court all creditors and other persons who may have an interest in the estate by virtue of the intestate laws or otherwise should be joined as respondents in the litigation. From the present pleading, we are unable to ascertain whether there are such persons. Moreover, under the provisions of section 11(d) of the Estates Act of 1947, as amended, and section 11 of the Wills Act of 1947, as amended, an election to take against all testamentary provisions and extra testamentary conveyances must be filed by the widow within one year of decedent's death.

Finally, the parties have been very dilatory in this case; more than a year has elapsed between the filing of the Supreme Court order and the presentation of the motion for summary judgment in this division.

As indicated, supra, the questions involved in this estate should be raised by a petition for the issuance of a citation to the interested parties and answers thereto by the cited parties. Such answers may raise preliminary objections or deny the allegations of the petition on the merits. If preliminary objections are filed, they are placed upon the argument list and decided by the court en banc. If a question of fact is

raised by the petition and answer, this is assigned to the auditing judge for disposition at the time of audit.[2]

It follows that a motion for summary judgment is not proper pleading in the Orphans' Court Division at any time and particularly when no other proper pleadings have been filed in this division.

To bring this matter to issue, the parties must proceed in accordance with the usual practice of the Orphans' Court Division. When this course is followed, the court will decide the issues raised in the trial division, namely, whether Maxwell et al. v. Saylor, 359 Pa. 94 (1948), applies, and, if so, whether or not the widow has an interest in the real estate in question.

Judge Shoyer has filed a concurring opinion.

### CONCURRING OPINION

SHOYER, J., May 26, 1972.—I agree with my brethren that in the present state of this record it would be impossible to entertain and give serious consideration to complainant's motion for summary judgment. For this reason I concur in the result.

---

[2] This is the regular practice followed for many years in the Philadelphia Orphans' Court and the new Orphans' Court Division. This practice was used by the Orphans' Court of Montgomery County and recently referred to without criticism by the Supreme Court in Brown Estate, 446 Pa. 401, 404 (1972).