Commonwealth *v.* Ray, Appellant.

Submitted December 7, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before DELLA PORTA, J.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson, James T. Ranney,* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant's only contention is that an in-court identification was tainted by a prior illegal one-on-one confrontation.

On January 19-22, 1973, the appellant was found guilty of aggravated assault and battery, assault with intent to murder, and two firearms violations. The charges arose out of an incident occurring during the afternoon of October 16, 1972. The victim, Joseph Leary, was standing outside his home when the appellant, who lived on the same street and was acquainted with Leary, accused him of striking his girl friend and taking some money from his brother. The appellant then allegedly took out a pistol and fired at Leary, wounding him in the neck and in the back. From a description given by the victim and the victim's mother, who identified the appellant by his nickname and on the basis of seeing him in the neighborhood, the police arrested the appellant. Leary and his mother were taken to the police station where they saw the appellant handcuffed and sitting alone in a room. This pretrial confrontation was subsequently suppressed and excluded at trial. At the trial before the Honorable Armand DELLA PORTA and a jury, both Leary and his mother positively identified the appellant. A taint hearing disclosed the independent origin of the in-court identifications, primarily because of ample opportunity to see the appellant who stood but a few feet from Leary during the incident and because of the fact that appellant lived in the neighborhood just a few doors from the Learys. On the basis of the testimony of the Learys and a third witness, Allen Hines, who had been talking to the victim prior to the shooting, appellant was found guilty on all charges.

It is clear to this Court that the evidence supports a conclusion that the in-court identifications by the Learys were untainted by a previously suggestive and

improper confrontation. See, *Commonwealth v. Thomas,* 444 Pa. 436, 440-1, 282 A. 2d 693 (1971). *Commonwealth v. Spencer,* 442 Pa. 428, 433, 275 A. 2d 4 (1971).

The judgment of sentence is affirmed.