## Brant Estate

*Robert B. Brunner,* for accountant.

*Catherine R. Barone,* Assistant Attorney General, for Commonwealth, exceptant.

*Cassin W. Craig,* of *Wisler, Pearlstine, Talone, Craig & Garrity,* contra.

TAXIS, P.J., November 1, 1974.—Exceptions have been filed by the Commonwealth to our adjudication dated September 10, 1974, of the first and final account of the executor of this estate. In the adjudication, we disposed of an inheritance tax appeal filed by the executor, relating to the taxability of a joint savings account in the Savings Fund Society of Germantown, held at the time of decedent's death in the names of Lois H. Brownback and decedent. We sustained the appeal and set aside the assessment of inheritance tax on one-half the balance in the account.

The exceptions allege that we erred in our factual findings that, at the time the joint account was created by Lois H. Brownback from her own funds, she did not intend to make any gift to decedent or create any interest in her favor, and also in our legal conclusion that there was, as a result, no tax liability.

Section 241 of the Inheritance and Estate Tax Act of 1961, June 15, 1961, P. L. 373, 72 PS §2485-241, is the applicable statute and provides, relevantly, as follows:

"When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to this tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant."

A signature card stating that the account was joint, with right of survivorship, and which was signed by both decedent and Lois H. Brownback, has been attached to the record, though not available at the hearing. It might be helpful if we first review some of the cases cited by counsel.

In Cochrane's Est., 342 Pa. 108, the constitutionality of taxing a proportionate or pro-rata share of a joint asset, regardless of the amount of the contribution of a deceased joint tenant, was established. The court determined that a surviving joint tenant acquires a right to immediate ownership, possession and enjoyment with respect to the whole fund, since, regardless of the source or sources of the property in the joint account, the rights of each of the tenants are co-equal.

In Commonwealth v. Nolan's Est., 345 Pa. 98, an account standing originally in the name of Mary Nolan alone was made joint when she added the name of her sister, Margaret, the decedent. Both signed an agreement specifically creating a joint account with right

of survivorship. The lower court held that surrounding circumstances showed that Mary had created the account solely for her own convenience, but there was other evidence that Margaret had read the joint tenancy agreement in the presence of an employe of the bank, and that he had explained to her that the money would go to the survivor in case of the death of either. The Supreme Court said that regardless of the original intention of the parties, those facts were insufficient to free the account from taxation. As to a niece's testimony that Margaret never considered that she had an interest in the account, the court said, at page 102, that this was a "conclusion deduced by the witness herself from the subsequent conduct of the parties, and is wholly irrelevant on the question of their actual intention at the time of the transaction."

In Fisher Est., 443 Pa. 419, the court was confronted with the issue of the ownership of four savings accounts, held jointly by decedent and his sister, which the Commonwealth sought to subject to inheritance tax. The lower court held that the original owner of the accounts (the survivor) had not intended to make an inter vivos gift of a joint interest in them to decedent. The record lacked the language of the contract governing the accounts, however, since no signature cards or other contractual documents were in the record. In those circumstances, the Supreme Court ruled that there was nothing to prove that an effective inter vivos gift had been made to decedent, and, therefore, the accounts could not be taxed.

The principal case on which the Commonwealth here relies is Olson Est., 447 Pa. 483. The estate objected to imposition of an inheritance tax on savings accounts created out of funds originally owned by Paul H. Olson, decedent's brother and the survivor, which had been made joint accounts with decedent by Paul H. Olson. The issue in the trial court was whether

or not the accounts had been made joint by reason of accident and mistake. Both parties had executed signature cards specifically creating joint accounts with right of survivorship. As to this, the survivor testified (with some inconsistency) first that he opened the account because the clerk with whom he did business at the savings association told him to do so and that it was a matter of routine because most accounts were written "that way," presumably as joint accounts with right of survivorship. However, he also testified that he was diabetic and in poor health, so that (page 488) the account "may have been one of convenience." He further testified that although he had not had the meaning of the contract explained to him, and had not read it before signing, he thought he would have understood it if he had read it. The court held that this evidence was not clear and convincing proof of the "accident and mistake" required to set aside the terms of the written agreements.

In the present case, and as stated in the adjudication, we were impressed by the testimony of the survivor, Lois H. Brownback, regarding the circumstances of the creation of the account in question. She testified that she was older than decedent, and that the original account in her name alone, from which the funds creating the joint account had been taken, had grown to exceed the amount of deposit insurance provided; this was one circumstance which impelled her to turn one account into two. Her principal reason for so acting, however, was "that I would have somebody to get some money to do something for me if I needed it." When questioned as to whether or not she intended to make a gift to decedent when the account was established, she said, "Not with that account, I didn't. I left her some money in my will, but I didn't intend to give her that." She further testified that she kept the deposit books and paid the income tax on the dividends from the

account at all times; decedent never made any deposits or withdrawals. Decedent did not even know of the transaction until Lois H. Brownback told her after it had been accomplished, at which time the signature card was signed by her. Lois H. Brownback also stated that she did not discuss her action with any of the officials of the savings association at the time the account was opened, and had only placed decedent's "name on it (so) she could get my money for me if I needed it." She never terminated the account because she did not want to hurt decedent, who had fallen into ill health. It may be noted that decedent's estate makes no claim of ownership of the funds in question, and, indeed, the executor and his counsel were not even aware of the existence of the account until long after decedent's death.

We have studied the comprehensive opinion of the Supreme Court in Olson Est., supra, but we do not think that it rules· this case. It is the allegation of Lois H. Brownback that decedent never had rights of any sort, be they of ownership, control, access, use, income, benefit or however characterized, and that, therefore, section 241 of the act is not applicable. We are satisfied that the record supports this contention.

The rationale of Olson Est., supra, was that the accounts were, in point of law, joint, with right of survivorship, but that they had been made so because of accident or mistake by the original owner of the money; the court ruled, however, that accident or mistake had not been proven. Here, on the contrary, the claim is that the account never had such an effect, and that, therefore, the condition of section 241 of the act, requiring that the death of a joint tenant have the legal effect of conferring upon the surviving tenant or tenants a right which they did not previously have, does not apply. As we read it, the statute mandates

that property must be held by two or more persons, "*so that,* upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property." (Emphasis supplied.) The death of decedent had no legal effect whatever upon the ownership of, or any rights to, the funds in this account, as Lois H. Brownback owned and possessed all of them continuously, both before and after the joint account had been opened. She had retained all of the documents relating to the account, and decedent had never been allowed to deal with the account in any way. Therefore, "the death of one of" the joint tenants did not result in the transfer of any money or rights to Lois H. Brownback. It is true that the Supreme Court has stated that ownership principles are not wholly determinative of taxability, and, clearly, the act is not drafted in strict terms of absolute ownership. However, contrary to the contention of the Commonwealth, we do not think that the footnote (no. 4) at page 485 in Olson Est., supra, means that joint accounts which are purely for the convenience of the creator, and which are proven to be such by clear, precise and convincing evidence as in the present case, are nevertheless taxable. Until our Supreme Court does so hold specifically, thus entirely eliminating the issue of convenience accounts from inheritance tax law, we cannot find that a transfer occurs where the original owner of an account makes it joint for his own convenience solely and then survives his co-tenant, having never allowed the co-tenant any rights in or power over the account. Indeed, in Fisher Est., supra, at page 421, footnote no. 1, the Supreme Court recognized the institution of the "convenience" account when it cogently noted that banks could avoid many of these problems if they provided joint account signature cards, where required, already

412

marked "convenience account." We believe this case parallels Driscoll Est., 17 Fiduc. Rep. 439, where it was held that the account was not taxable, being for convenience, more than the appellate court cases cited. See also Oliver Est., 21 Fiduc. Rep. 43, for an excellent discussion of the same issue with respect to United States Savings Bonds.

We are also mindful that Lois H. Brownback stated under questioning by counsel for the Commonwealth that if she had died before decedent, the money would have gone to decedent. The Commonwealth urges that this shows a donative intent in the mind of Lois H. Brownback sufficient to make this a true joint account with right of survivorship. But this testimony is actually not more than an expression of a legal conclusion by Lois H. Brownback, who is not a lawyer, and who admittedly is not learned in the rules of law surrounding such accounts. In any event, such testimony does not show an intent to create any present, immediate interest in favor of decedent, at the time the account was opened.

All of the exceptions to the adjudication are dismissed.