**Kotz Estate**

*Michael J. O'Neill, Jr.,* for petitioner.
*Raymond B. Reinl,* for respondent.

TAXIS, *J.,* September 8, 1977 — Decedent, William Kotz, died September 23, 1975. He was survived by his widow, Mary Kotz, and a sister, Virginia Kotz.

The surviving spouse has filed a petition for the allowance of a family exemption and also an election which is intended to apply to certain real estate which was owned by decedent and his sister as joint tenants with the right of survivorship, known as 14 Warminster Road, Hatboro, Pa. It is admitted that Mary Kotz filed a timely election to take against all conveyances during the lifetime of the decedent to which she was not a party. Petitioner also contends that she has a $20,000 allowance under the intestate law, because, in spite of the state of title to the premises, they were in law owned as a tenancy in common and not as a joint tenancy with right of survivorship.

Petitioner is entitled to the family exemption. She and decedent were living together harmoniously at the time of his death. The family exemption is allowed.

Because of the other two legal issues raised, however, it is necessary to review the facts which the record contains. Many of these have been helpfully stipulated by counsel. With respect to the state of the title, the record indicates that the decedent and Virginia Kotz, his sister, and their mother, Lydia E. Kotz, resided together in a house in Hatboro, from 1945 to 1948, which property had

been purchased by all three as joint tenants with the right of survivorship. From February 2, 1948, to 1959, the three held title jointly to a property on Easton Road, Roslyn, Montgomery County, Pa. The mother died on November 27, 1958, which left decedent and Virginia Kotz as two joint tenants with the right of survivorship. In 1959, decedent and Virginia Kotz purchased, as joint tenants with the right of survivorship, the premises which petitioner seeks to make subject to her election. The record indicates that the funds for the purchase of these properties came almost exclusively from decedent, and although the mother and Virginia Kotz made incidental contributions to the purchase and later maintenance of the property, decedent was the prime support of all.

At the time of the purchase of 14 Warminster, decedent and Virginia Kotz jointly undertook a mortgage obligation for part of the purchase price. The purchase represented, in effect, a "step-up" in the quality of the residence of decedent and his sister. The sale price from the Roslyn property was not sufficient to purchase 14 Warminster. Both decedent and his sister undertook equal legal obligations on this mortgage although it is clear that only decedent had the income to make the payments. The agreement of sale was signed by decedent, his sister and his mother, but Lydia Kotz died before settlement, and the other two therefore took title as joint tenants with the right of survivorship. At decedent's death, the mortgage was paid off by a mortgage life insurance policy, and with some additional funds from a life insurance policy payable to the sister, Virginia Kotz, and also by a small sum of Virginia Kotz's own money.

The present claim has raised several issues.

First, Mary Kotz, the electing spouse, contends that the fact that the property was mortgaged by the joint tenants caused a severance of the joint tenancy with right of survivorship, so that at the time of his death, decedent was a tenant in common with his sister. This court finds that this contention has no merit. It would mean that decedent and his sister received a deed to a property as joint tenants with right of survivorship but at the same instant around the settlement table severed that joint tenancy by mortgaging the property. There is no question that certain actions of a joint tenant with right of survivorship (short of actually initiating a partition action) may indicate an intention to sever the joint tenancy. There is, in addition, in Pennsylvania a statutory presumption that ownership of a property by two or more persons, where the nature of such ownership is unclear, is a tenancy in common: Act of March 31, 1812, P.L. 259, 68 P.S. §110. However, the deed to 14 Warminster is clear and unambiguous, and was accepted and never changed by decedent and his sister. It specifically places title in their names as joint tenants with the right of survivorship. Such a tenancy has, so called, "four unities," of time, possession, title and interest: Cochrane's Est., 342 Pa. 108, 111, 20 A.2d 305 (1941). These are all present here, unless one concludes that the unity of interest was varied by the execution of a mortgage. We cannot so conclude. Petitioner contends, in effect, that joint tenancies with right of survivorship cannot be mortgaged without creating a severance. We recognize that there is a "title theory" to mortgages and that it has been part of Pennsylvania law. However, this was very long ago, see Tryon v. Munson, 77 Pa. 250 (1875), and presently

our law, no matter what the classical language of the mortgage instrument, regards a mortgage as a document creating a lien, limited in amount to the security necessary to protect the mortgagee. We need not get into the contractual rights of mortgagees for present purposes, such as the right to enter and take possession in case of default. It is obvious that the purpose of a mortgage is not to take title in the mortgage, but is only to secure the loan which enables the purchase of the property, or serves some other purpose between the *mortgagor* and the *mortgagee*. The transaction between decedent and his sister, on the one hand, and the mortgagee on the other did nothing more than create a lien to secure the mortgage obligation.

Where the actions of individual joint tenants have been construed as a severance, it has been because such action, such as a unilateral conveyance or a mortgage of one tenant's share, was inconsistent with the concept of joint tenancy with the right of survivorship, because at least one of the unities was destroyed: 14 P.L.E. 21, §26. Where a single tenant, who has a right to sever the joint tenancy, acts in a way which is inconsistent with a continuation of a joint tenancy, a severance legally occurs. The same obviously applies in the case of an attachment or execution against one tenant's interest. But there is nothing in the action of both joint owners, in mortgaging a property, which could be held inconsistent with joint ownership as between themselves, or with any of the required unities. We rule that there was no severance of the survivorship tenancy by virtue of the execution of a mortgage by both tenants at the time of purchase.

The more difficult problem is whether the election filed by Mary Kotz reaches her husband's interest, as joint tenant with right of survivorship, in 14 Warminster Road. The right of a surviving spouse to take not only against the deceased spouse's will but against partial or incomplete conveyances of his or her assets during life, was created by section 11 of the Estates Act of April 24, 1947, P.L. 100, 20 P.S. §301.11, which took effect on January 1, 1948. This section is now codified as section 6111 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. C.S.A. §6111, but there was no change in its language. Prior to this statutory enactment, Pennsylvania protected the rights of a surviving spouse in the deceased spouse's property on the basis of bare legal title and a conveyance of such title, without regard to whether the spouse retained beneficial ownership or not, was sufficient to defeat the rights of the surviving spouse.

The pertinent content of section 6111, aforesaid, is as follows:

"§6111. Conveyances to defeat marital rights

"(a) In general. — A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall, at the election of his surviving spouse, be treated as a testamentary disposition. . . ."

To the extent that the question has been specifically passed upon, the reported authorities are consistent: See Hagy Est., 15 Fiduc. Rep. 456 (1964), and other lower court decisions such as O'Connell Est., 16 Fiduc. Rep. 491 (1966). Cf. Righter v. Righter, 442 Pa. 428, 275 A.2d 4, fn. 430 (1971). The election in the present case,

therefore, would reach and extend to the one-half interest which William Kotz had in 14 Warminster Road, and we so hold.

We cannot pass this issue, however, without noting what we believe to be an inequitable result. Decedent and his sister lived together for many years, 1945 (and perhaps before) to 1967, as single persons. Both contributed to the functioning of the household, although decedent supplied most of the money for this purpose. When decedent and his sister took title to their first jointly-owned home in 1945, the Estates Act of 1947 did not apply, and a spouse's election would not have reached the property. Cf. Pengelly Est., 374 Pa. 358, 97 A.2d 844 (1953). The present election takes effect against the property only because the parties "stepped up" to a better house in 1959. This was eight years before decedent's marriage, and also before decedent knew the lady who was to become his wife. Further, at the time of the creation of the joint tenancies with right of survivorship, in normal parlance, there is question as to whether he "retained" any personal right unto himself, since he gave up all the law of this Commonwealth permitted him to part with, in the creation of a joint tenancy with right of survivorship. He retained no life estate, he retained no power of appointment at death, and it was the law of this Commonwealth that created the characteristic of such a joint tenancy that one of the joint tenants could unilaterally sever it. True it is that decedent, as well as his sister, could have severed the joint tenancy at will, although the economic value of so doing would have been poor from the standpoint of decedent, as he had put in much more than half of the value of the property. And finally, there is nothing

in the record to indicate that the conveyance was made with the motive to defeat marital rights, which seems to be the purpose implicit in section 6111, and its predecessor section 11 of the 1947 Estates Act. It would be difficult to envision a situation where such purpose could exist, where the conveyance was made eight years before the marriage occurred. Moreover, it is interesting to observe that pending legislation proposes that joint tenancies be subject to the spouse's election *only if they are created during the marriage*.

And now, September 8, 1977, it is ordered and decreed that the mortgage did not cause a severance of the joint tenancy with right of survivorship, and that the widow's election does extend to premises 14 Warminster Road, Hatboro, Pa. Any other proceedings shall be consistent with these findings.