**Estate of Josephine Byce**

*John J. Kennedy, Jr.*, for Commonwealth.
*Jon M. Lewis*, for appellant.

McCORMICK, *P.J.*, March 18, 1982 — The Commonwealth of Pennsylvania, Department of Revenue, Inheritance Tax Division assessed 100 percent taxability on Account no. 04-13000150 and 50 percent taxability on Account no. 04-00400139 in the above estate. Both accounts were in the names of George E. Byce and Josephine Byce, at the Greensburg Savings and Loan Association. Both signature cards read "as joint tenants with right of survivorship and not as tenants in common."

An appeal of this taxability determination was taken by George E. Byce, survivor of his deceased mother, Josephine Byce, who died on May 20, 1980 to the Commonwealth of Pennsylvania, Department of Revenue Board of Appeals. On October 22, 1981, the board sustained the appeal in part, in holding that Account no. 04-13000150 should be taxable based upon one-half full date of death balance. The decision was based upon a finding that the account, though created on November 28, 1979 and thus within two years of decedent's death on May 20, 1980 was nonetheless not a transfer in contemplation of death because it was created by a transfer of funds from Account no. 04-00400139, which was previously established on June 13, 1975.

Petitioner-appellant, George E. Byce, has appealed from that finding, asserting that there is no taxability on either of the accounts because all of his money and none of his mother's went into these accounts. The Board of Appeals concedes, in its written opinion, that "The petitioner has clearly established that the deposits into the account were solely the petitioner's."

The board's finding of taxability based upon 50 percent value relies on the Supreme Court's holding in Olson Estate, 447 Pa. 483, 291 A. 2d 95 (1972). That decision held that under section 241 of the Inheritance Tax Act a tax is imposed upon a joint account with a right of survivorship upon the death of one of the joint tenants to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant.

The theory of this tax liability is expressed in Cochrane's Estate, 342 Pa. 108, 111, 20 A. 2d 305 (1941):

"What is actually acquired by the surviving joint tenant [upon the death of the co-tenant] is the right to the immediate ownership, possession and enjoyment of the whole property and it is the accrual of this right which the statute properly taxes . . . Even where one contributes the entire sum to a joint bank account, the rights of each of the tenants to the joint fund are the same . . . Hence what one tenant acquires on the death of the other, where there are two joint tenants, as here, is the right to the immediate possession, ownership and enjoyment of the entire fund and not, as viewed by appellant, the contribution of the deceased joint tenant."

Thus we are satisfied that the Commonwealth has established the existence of these joint ac-

counts with the right of ownership and of the appellant's sole ownership of the funds prior to the establishment of the joint accounts.

The only way appellant can defeat the Commonwealth's claim to the taxes is to show by clear and convincing proof that the accounts were created as a result of fraud, accident or mistake.

Appellant's testimony was that he went to the Greensburg Savings and Loan Association and discussed with a clerk there that he wanted his mother named as beneficiary of the account. He claims that he was assured that would be done. He further testified that he didn't read the signature cards which were given to him at the Savings and Loan Association Office and that had he read them he wouldn't have understood the meaning of the words: "as joint tenants with right of survivorship and not as tenants in common."

This testimony does not reach the level of clear and convincing proof that the accounts were created as a result of fraud, accident or mistake.

### ORDER

And now, March 18, 1982, the appeal of George E. Byce is denied.